**Steward SPENCER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 41873.**

Court of Criminal Appeals of Texas.

Feb. 19, 1969.

Billy J. Griswold, Houston (Court Appointed on Appeal Only), for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Frank Price, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is robbery by assault; the punishment, 15 years.

The indictment alleged that appellant and James L. Menefee assaulted and robbed Danny Rich of $147.50 in money on or about March 6, 1967.

Severance was granted.

Appellant was tried by a jury on his plea of not guilty. The jury found him guilty and he having filed application for probation and elected to have the jury assess the punishment, the jury assessed his punishment.

The sole ground of error presented by appellant's brief relates to the sufficiency of the evidence to sustain the conviction.

The complaining witness, Danny Rich, testified that at about 9:45 P.M. on March 6, 1967, while he was alone at Seven-Eleven Store No. 2 in Houston, of which he was assistant manager, appellant entered the store and, after purchasing a dozen eggs and putting the change in his pocket, pulled out a loaded pistol, cocked it and said: "Give me your money. * * * I reached down and picked up a number eight paper bag to get the money and put in it. Then I turned around and he said 'Let's get the other register, too.' * * *

"Q. At the time he pulled his pistol and cocked it and asked you for your money, were you in fear of your life or serious bodily injury?

"A. Yes, sir.

"Q. And at the time did you have care, custody and control of all the money in both cash registers?

"A. Yes, sir.

"Q. Did you give this defendant or any other person your permission to take any of this money?

"A. No, sir.

"Q. Did he say anything else to you with regard to what you should do?

"A. He told me, after I gave him the sack of money, to lie down on the floor.

"Q. What did you do with the eggs?

"A. They were on the counter. He grabbed them when he went out the door.

"Q. He told you to do what?

"A. He took them with him. He picked them up as he turned—after—he turned around after I handed him the money, and picked up the eggs and took them with him."

The prosecuting witness further testified that after appellant walked out of the store he (the witness) crawled to the end of the counter where he could get a good view and got the license number of the car, as appellant drove off the lot, and called the police.

Also, the witness Rich testified that the amount taken during this robbery was $147.50 and that there was no question at all that appellant was the one who robbed him.

The contention that the evidence is insufficient because the state failed to show possession by appellant of any of the money allegedly taken is overruled.

The judgment is affirmed.

DOUGLAS, J., not participating.