James Donald **JONES**, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 45058.**

Court of Criminal Appeals of Texas.

June 28, 1972.

Rehearing Denied July 28, 1972.

any exception or ruling as to any other defendant if he desired.

Melvyn Carson Bruder, Dallas (Court-appointed on appeal), for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for rape. After the jury returned a verdict of guilty, punishment was assessed by the court at 65 years.

Appellant first challenges the sufficiency of the evidence to sustain a conviction for rape. The prosecutrix testified that she and her two children were in their apartment in Dallas, on June 11, 1970, and that her husband was working in Houston. About 11:30 P.M., she awoke to find a man (whom she identified in court as the appellant) standing beside her bed. The man put his hand over her mouth and told her if she fought him he would kill her. Nevertheless, she testified that she did fight him until he again told her that he would kill her. When he climbed upon the bed, the prosecutrix again struggled with the appellant, and he then began choking her with one hand while fondling her with the other. She ceased struggling when he again threatened to kill her, and was then forced to have sexual intercourse with the appellant. Prosecutrix specifically testified that the appellant achieved penetration. Before the appellant left the apartment, he told the prosecutrix that he had her son and would kill him if she followed them. A few minutes after the appellant left the apartment, the prosecutrix checked the living room and discovered that her child was still sleeping on the couch. She then woke her son and went to the apartment manager's apartment to call the police.

Detective Livingston, of the Dallas Police Department, testified that, upon an investigation of the prosecutrix's apartment, he discovered four fingerprints on the outside glass of a sliding front window from which the screen had been removed, and one palm print on the inside sill of the same window. Livingston stated that, in his opinion, the prints were fresh and that a palm print found on a painted surface like the window sill would not be identifiable after three months as it would tend to fade out. J. C. Day, of the Dallas Police Department's Identification Bureau, testified that the prints found on the window were the same as those taken from the appellant.

Appellant presented an alibi defense to show that he was at a poker game with a group of friends during the time of the alleged rape and presented witnesses who testified that appellant was present at the game on the night in question. Appellant also stated that he had stolen a television from the prosecutrix's apartment some three months prior to the date of the alleged rape. He said he gained entry to the apartment through the front door and had leaned against a front window while he was in the apartment before stealing the television.

Appellant urges that a conviction cannot be sustained where the uncorroborated tes-

timony of prosecutrix is improbable. Unlike *Logan v. State*, 66 Tex.Cr.R. 506, 148 S.W. 713, relied upon by appellant, there is nothing about the nature of prosecutrix's testimony as of itself to create a doubt as to its reasonableness and probable truth in the instant case. Corroboration of the prosecutrix in a rape case is required only where a belated outcry had been made. *Ferrell v. State*, Tex.Cr.App., 464 S.W.2d 851; *Wright v. State*, Tex.Cr.App., 364 S.W.2d 384. Further, appellant's argument ignores the testimony relative to finding appellant's fingerprints at prosecutrix's apartment. We find the evidence sufficient to support the conviction.

In appellant's second and third contentions, he urges that the court erred when it permitted testimony concerning an extraneous offense to be introduced into evidence. The court granted a motion in limine to prevent the State from mentioning any extraneous offense concerning an alleged attempted rape of a Randy Waers. A careful examination of the record fails to disclose any mention of this person (other than in the motion in limine) or any allusion to an attempted rape of such a person.

 The testimony complained of for the first time on appeal is that of Officer Foster who testified that as a result of a call, he was looking for a described suspect on a criminal assault charge who was reported driving a black Volkswagen with a given license number. Foster testified he stopped such vehicle and arrested appellant. No objection having been made to this testimony, nothing is presented for review. *Grant v. State*, Tex.Cr.App., 472 S.W.2d 531; *Verret v. State*, Tex.Cr.App., 470 S.W.2d 883. Further, we fail to find an extraneous offense in the complained of testimony. There is nothing to indicate that the offense for which appellant was arrested was different from that on trial. We perceive no error.

Appellant contends that the court erred in overruling his motion for continuance. Appellant urges that had the motion been granted, all the witnesses would have testified as to his whereabouts at the time in question.

In response to the cour's inquiry, it appeared that all persons named in appellant's motion for continuance were present during the trial with the exception of one Dean Fisher. The motion for new trial does not contain an affidavit of the witness Fisher named in the motion for continuance that he would testify as alleged in the motion. A requisite is that an affidavit of a missing witness is necessary to establish abuse of judicial discretion in overruling the motion for new trial. *Kelly v. State*, Tex.Cr.App., 471 S.W.2d 65; *Robinson v. State*, Tex.Cr.App., 454 S.W.2d 747; *Thames v. State*, Tex.Cr.App., 453 S.W.2d 495. No error is shown.

We have reviewed appellant's contentions set forth in his pro se briefs and find them to be wholly without merit.

The judgment is affirmed.

Opinion approved by the Court.