527 P.2d 802

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Earl ODOM, Defendant-Appellant.**

**No. 1468.**

Court of Appeals of New Mexico.

Oct. 9, 1974.

762

David F. Boyd, Jr., Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., W. Royer, Asst. Atty. Gen., Sante Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Defendant pled guilty to larceny of property valued over $100.00 but not more than $2,500.00. Appealing, he claims the trial court should not have accepted his guilty plea. The record shows this claim is without merit. Defendant also claims the trial court abused its discretion in denying a motion to change the guilty plea to a plea of not guilty. We affirm.

Defendant was originally charged with larceny of property from the Alex Scott Ranch amounting to a third degree felony. The information was amended to charge a fourth degree felony. Defendant pled guilty to the fourth degree felony in March, 1973, and the plea was accepted by the trial court. The trial court continued the matter for ten days so that defendant could attend the funeral of his father in another state. Defendant did not return as scheduled. Sentence was imposed in November, 1973 after defendant was apprehended and returned to New Mexico.

At the sentencing hearing, but before sentence was imposed, defendant moved for permission to withdraw the guilty plea. The trial court promptly denied the motion. Defendant claims this prompt denial was an abuse of judicial discretion, that under the facts the motion should have been granted.

The factual basis for the motion is that after the larceny in 1971, defendant turned himself in to Alex Scott and worked for Scott for some time to make restitution for the theft; that Scott told defendant that he would have the larceny charge dismissed and this was not done. The motion to withdraw the guilty plea was on the basis that Scott had not acted in an honorable way.

The factual basis, if true, provides no legal basis for withdrawal of the guilty plea. Restitution does not wipe out the crime and does not deprive the State of its right to prosecute for the crime. Chick v. Wingo, 387 F.2d 330 (6th Cir. 1967); Seals v. United States, 221 F.2d 243 (8th Cir. 1955). If Scott ratified or approved defendant's theft, this would not make defendant's conduct any less criminal. Gilbert v. United States, 359 F.2d 285 (9th Cir. 1966), cert. denied 385 U.S. 882, 87 S.Ct. 169, 17 L.Ed.2d 109 (1966); compare Marchbanks v. Young, 47 N.M. 213, 139 P.2d 594 (1943).

The judgment and sentence is affirmed. It is so ordered.

HENDLEY and LOPEZ, JJ., concur.