554 P.2d 993

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Rod O. DOAK and Lloyd R. Blakey, Defendants-Appellants.**

**No. 2493.**

Court of Appeals of New Mexico.

Sept. 14, 1976.

Dan B. Buzzard, Clovis, for defendants-appellants.

Toney Anaya, Atty. Gen., Paquin M. Terrazas, Tony Tupler, Asst. Attys. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Each defendant was charged with the felony offenses of battery upon a peace officer and assault with intent to kill or commit mayhem. Sections 40A–22–23 and 40A–3–3, N.M.S.A.1953 (2d Repl. Vol. 6). The jury convicted each defendant of the lesser misdemeanor offenses of assault upon a peace officer and simple assault. Sections 40A–22–20 and 40A–3–1, N.M.S.A. 1953 (2d Repl. Vol. 6). Defendants' appeal raises numerous issues; two issues are dispositive. They are: (1) death pending appeal, and (2) Evidence Rule 408.

*Death Pending Appeal*

The trial court's judgment sentenced Doak to a term in the county jail for each offense. A fine was imposed upon Doak for one of the offenses. In addition, the judgment provides that Doak was to bear "his share" of certain court costs.

The State has informed this Court that Doak died while the appeal was pending. What is the effect of the death upon the various provisions in the judgment?

Annot. 83 A.L.R.2d 864 states:

". . . [M]ost of the few courts which have considered the matter have recognized the rule that the death pending appeal of a defendant convicted of a criminal offense abates not only the ap-peal, but likewise all proceedings had in the prosecution from its inception."

Footnote 1 to the annotation, at page 864, indicates that the abatement applies to the verdict of guilty, the judgment of conviction, the imposition of a fine and the taxation of costs.

The rule in federal courts is the same. ". . . [D]eath pending direct review of a criminal conviction abates not only the appeal but also all proceedings had in the prosecution from its inception." *Durham v. United States,* 401 U.S. 481, 91 S.Ct. 858, 28 L.Ed.2d 200 (1971).

In *State v. Crump,* 24 N.M. 331, 171 P. 502 (1918), the defendant had been convicted of assault with a deadly weapon. The judgment imposed a fine and taxed costs. Crump died pending the appeal. The opinion states: "[A] judgment imposing a fine in a criminal case abates on the death of the defendant pending an appeal or writ of error, and the fine imposed cannot be enforced against the estate." Although the *Crump* decision does not specifically deal with costs, the ruling that the judgment abates and that a fine cannot be enforced against the estate indicates that costs also abate.

We hold that the New Mexico rule is the same as that stated in the above-quoted authorities. Death pending the appeal of a criminal conviction abates all proceedings had in the prosecution from its inception. Doak having died pending the appeal, the verdict of guilty, the judgment of conviction, the sentence, the fine, and the costs are abated. Section 21–7–4, N. M.S.A.1953 (Repl.Vol. 4) is not to the contrary because that section does not apply to appeals of criminal convictions.

*Evidence Rule 408*

During cross-examination of the complaining witness Muse, the attorney for defendants asked:

"Did you tell the District Attorney, Mr. Muse, that you would be willing for this case to be dismissed if Mr. Doak, Mr. Blakey give you $20,000.00?"

The district attorney objected, asked that the question be withdrawn from consideration by the jury, and asked that defense counsel be reprimanded for asking the question. The basis of the district attorney's contention was that offers of compromise were not admissible and defense counsel knew it. Defense counsel replied that this was not an offer of compromise; that his understanding was that Muse had offered to dismiss the case for $20,000.00.

The trial court sustained the objection and admonished the jury to disregard the question. The following occurred at proceedings outside the presence of the jury.

Defense counsel stated that the district attorney had informed him by telephone that Muse would have no objection to dismissal of the cases against Doak and Blakey if he were paid $20,000.00. According to defense counsel, the district attorney stated that he would have no objection if this occurred. Defense counsel stated that his only response to this information was "shit" because he was concerned that to become involved would be compounding a felony. See § 40A–22–6, N.M.S.A.1953 (2d Repl. Vol. 6) for the definition of "compounding a crime".

The district attorney then stated that he and defense counsel had had several conversations about how to settle the case to the benefit of both the State and defendant. He stated that Muse was contemplating a civil suit for damages against the defendants, that he contacted Muse with the knowledge of defense counsel to explore possibilities of settlement. On appeal, the State argues that the settlement discussion involved only the civil suit. This is inaccurate. The district attorney informed the trial court of his discussion with Muse in these words: "I said could we settle this matter, the criminal and civil by payment of money and get this thing off the docket, and he [Muse] talked with his wife and they gave me a figure that we would be happy to settle both . . . ." The district attorney then agreed with defense counsel as to defense counsel's response

when this information was imparted to defense counsel.

The State asserts that the above matters dealt with an offer of compromise and that cross-examination as to the above matters was prohibited by Evidence Rule 408. We disagree.

Our concern is with Evidence Rule 408 prior to the amendment on April 1, 1976 (the amendment is not applicable). The Rule reads:

"Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution."

This evidence rule is the same as proposed Rule 408 of the Federal Rules of Evidence. The advisory committee's note to proposed Federal Rule 408 states:

"The final sentence of the rule serves to point out some limitations upon its applicability. Since the rule excludes only when the purpose is proving the validity or invalidity of the claim or its amount, an offer for another purpose is not within the rule. The illustrative situations mentioned in the rule are supported by the authorities. As to proving bias or prejudice of a witness, see Annot., 161 A.L.R. 395, *contra, Fenberg v. Rosenthal,* 348 Ill.App. 510, 109 N.E.2d 402 (1952), and negativing a contention of lack of due diligence in presenting a claim, 4 Wigmore § 1061. An effort to 'buy off' the prosecution or a prosecut-

ing witness in a criminal case is not within the policy of the rule of exclusion. McCormick § 251, p. 542."

■ The record shows that the proposed cross-examination was not for the purpose of proving the validity or invalidity of either the criminal charge or the prospective civil suit. The statements of the district attorney indicate that a "buying off" of the criminal charge was involved in the discussion between the district attorney and Muse. Defense counsel expressly informed the trial court that his proposed cross-examination concerning the $20,000.-00 figure was for the purpose of showing the "bias and circumstances of the lack of credit of the witness".

Under the foregoing circumstances, Evidence Rule 408 did not prohibit the proposed cross-examination. See 2 Weinstein's Evidence, §§ 408[01] and 408[02]; McCormick on Evidence (1972), p. 665. We are not concerned here with the propriety of the discussions. See *State v.* *Odom,* 86 N.M. 761, 527 P.2d 802 (Ct.App. 1974). Our concern is with the right to cross-examine concerning the credibility of the witness. See *State v. Santillanes,* 86 N.M. 627, 526 P.2d 424 (Ct.App.1974). Defendant had the right to cross-examine the witness as to his credibility. The trial court erred in ruling that the first sentence of Evidence Rule 408 prohibited such cross-examination and that the last sentence of the rule was inapplicable. Blakey's conviction is reversed.

Oral argument is unnecessary. The cause is remanded to the trial court with these instructions: 1. Enter an order setting aside the verdict and judgment against Doak, and abating all proceedings against Doak from their inception. 2. Enter an order setting aside the verdict and judgment against Blakey and awarding Blakey a new trial.

IT IS SO ORDERED.

HENDLEY and LOPEZ, JJ., concur.