(612 P.2d 1261)
No. 51,455

Dee Glassey, *Appellant,* v. Ramada Inn, *Appellee.*

Opinion filed June 27, 1980.

*James W. Dahl,* of Kansas City, for appellant.

*Barry E. Warren,* of Wallace, Saunders, Austin, Brown & Enochs, of Overland Park, for appellee.

Before Abbott, P.J., Swinehart and Meyer, JJ.

Abbott, J.: This is an appeal from an order dismissing plain-

tiff's action for malicious prosecution and false arrest on defendant Ramada Inn's motion for summary judgment.

The facts in the case are undisputed. On approximately June 29, 1976, plaintiff, Dee Glassey, a resident of Seattle, Washington, rented a room at the Ramada Inn located in Newton, Kansas. He remained in Newton for approximately a week to ten days to obtain medical treatment for a leg injury he had sustained a year earlier. On the evening of July 9, 1976, plaintiff informed the hotel's front desk employee that he was departing the next morning and requested a statement of his bill, which amounted to $203.06. According to plaintiff, the hotel employee told him he could leave the money locked in his room with the room key and plaintiff did not realize until the next day when he was in Kansas City that he had left without paying the bill. Plaintiff admits that he represented to the hotel management that he would pay his bill before leaving and agrees that he left without paying it. No attempt was made by plaintiff to inform the Ramada Inn management of his alleged oversight. The hotel management sent a certified letter to plaintiff's Seattle address advising him that prosecution would be undertaken should he fail to pay his account.

On July 22, 1976, Max Rhodenbaugh, a representative of the Newton Ramada Inn, executed an affidavit stating that plaintiff had left the establishment without paying his bill. That same day a criminal complaint charging plaintiff with a violation of K.S.A. 36-206 was filed and a warrant issued for his arrest. On August 6, 1976, plaintiff sent a cashier's check for the full amount of his indebtedness from his Seattle bank to the Newton Ramada Inn which apparently accepted and cashed the check. The Ramada Inn management, which had changed, failed to notify the Harvey county attorney that payment had been made.

The incident precipitating this lawsuit occurred on February 22, 1977, when plaintiff, while in a Portland, Oregon, hospital recuperating from an operation on his leg, was placed under arrest by federal agents for unlawful flight to avoid prosecution on the outstanding Kansas charge. Plaintiff was transferred to a hospital equipped with a jail ward where he remained in custody for five days until the Harvey county attorney declined to prosecute the case based on the expense of extradition, plaintiff's medical condition and the newly discovered fact that plaintiff had since paid his bill in full. Plaintiff commenced this action

seeking damages for malicious prosecution and false arrest on February 15, 1978. The trial court, finding no genuine issue of material fact, granted summary judgment in favor of Ramada Inn effective August 10, 1979. Plaintiff appeals.

An action for malicious prosecution may arise after a person has been charged with a crime and the criminal prosecution is terminated in favor of the defendant. The defendant, at that point, may become a plaintiff and bring an action for malicious prosecution against the person who instituted the criminal prosecution. To successfully maintain an action for malicious prosecution, the plaintiff must prove that the defendant initiated the criminal proceeding about which complaint is made, that the defendant in so doing acted without probable cause and with malice, and that the proceeding terminated in favor of the plaintiff. *Braun v. Pepper,* 224 Kan. 56, 578 P.2d 695 (1978). In *Nelson v. Miller,* 227 Kan. 271, 277, 607 P.2d 438 (1980), the Kansas Supreme Court discussed proof of probable cause:

"In order to maintain an action for malicious prosecution, the plaintiff must prove that the defendant initiated the proceedings of which complaint is made without probable cause. *Carnegie v. Gage Furniture, Inc.,* 217 Kan. 564, 538 P.2d 659 (1975); *Malone v. Murphy,* 2 Kan. at °262. Probable cause for instituting a proceeding exists when there is a reasonable ground for suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious, or prudent, man in the belief that the party committed the act of which he is complaining. *Barnes v. Danner,* 169 Kan. at 36. See also for approval of the reasonable man rule, *Carnegie v. Gage Furniture, Inc.,* 217 Kan. at 568. In cases for malicious prosecution, the inquiry as to want of probable cause is limited to the facts and circumstances as they appeared to defendant at the time the prosecution was commenced. PIK Civil 2d 14.31 (1978); *Stohr v. Donahue,* 215 Kan. 528, 527 P.2d 983 (1974); *Thompson v. General Finance Co., Inc.,* 205 Kan. 76, Syl. ¶ 6; *Messinger v. Fulton,* 173 Kan. 851, 857, 252 P.2d 904 (1953); *A.T. & S.F. Rld. Co. v. Watson,* 37 Kan. 773, Syl. ¶ 3. If the facts are undisputed, the question of probable cause is one for the court to decide as a matter of law. *Parli v. Reed,* 30 Kan. 534, 2 Pac. 635.(1883)."

### K.S.A. 36-206 states:

"That any person who shall obtain food, lodging, or other accommodation at any restaurant, hotel, boardinghouse, apartment house, or rooming house by means of any trick, deception, or false representation, statement or pretense, with intent to defraud the owner or keeper thereof, if the value of such food, lodging, services or other accommodations be of the value of fifty dollars ($50) or less, and shall fail or refuse to pay therefor, such person shall be deemed guilty of a misdemeanor, and upon the conviction thereof shall be punished by a fine not exceeding one hundred dollars ($100), or by imprisonment in the county jail not

exceeding three months, or by both such fine and imprisonment; and if the value of such food, lodging, services or other accommodations be more than fifty dollars ($50) any person convicted hereunder shall be deemed guilty of a felony and shall be punished by imprisonment in the state penitentiary for a term not exceeding five (5) years."

K.S.A. 36-207, in pertinent part, discusses the proof of intent to defraud under 36-206:

"[T]hat he left the inn, hotel . . . without paying or offering to pay for such food, lodging, or other accommodation . . . shall be prima facie proof of the intent to defraud . . . ."

As we perceive it, the thrust of plaintiff's argument is that although, he concedes, there was probable cause to arrest and initiate criminal proceedings against him *before* he paid his bill in full, any such probable cause evaporated with his tender and Ramada Inn's acceptance of a cashier's check for the full amount of the debt. In support of his contention, plaintiff quotes encyclopedic law found in 52 Am. Jur. 2d, Malicious Prosecution § 26:

"Notwithstanding the fact that a person who has instigated a criminal prosecution may have had probable cause for the commencement thereof, if he afterward acquires means of ascertaining that the charge is not well founded, his failure to intervene and have the prosecution discontinued or to do what he can to sever his connection therewith may render him liable for the damages resulting from the continued maintenance thereof. Where, however, under the laws of the jurisdiction in question, the instigator loses all control over the case once the prosecution has been initiated, his participation in the prosecution is not such as will subject him to liability."

Kansas law imposes liability on·one who allows unfounded actions to continue against a defendant. *Nelson v. Miller,* 227 Kan. at 276.

While we do not quarrel with the validity of these rules, we find them to have no applicability to the case before us. Plaintiff's position depends entirely upon the premise that his full payment of the hotel bill barred his subsequent prosecution under K.S.A. 36-206. This has never been the law. Ample authority exists that restitution does not nullify prior criminal activity and allow the guilty party to escape prosecution. *State v. Odom,* 86 N.M. 761, 527 P.2d 802 (1974); *People v. Holmes,* 5 Cal. App. 3d 21, 84 Cal. Rptr. 889 (1970); *Donald v. State,* 453 S.W.2d 825 (Tex. Crim. 1969); 22 C.J.S., Criminal Law § 41, n. 59. Although Kansas courts never have had occasion to decide the precise issue that is

presented here, an analogous situation developed in *Foor v. State,* 196 Kan. 618, 413 P.2d 719 (1966). In response to the defendant's argument that he could not be convicted of issuing a worthless check in exchange for an automobile when he never received the auto and it was returned to its owner at the time he was arrested, the court stated at page 620:

"The worthless check act does not concern itself with whether or not the offender was able to keep his ill-gotten gains. G.S. 1949, 21-554 provided:

" 'It shall be unlawful for any person, corporation, or partnership, to draw, make, utter, issue or deliver to another any check or draft on any bank or depository for the payment of money or its equivalent, knowing, at the time of the making, drawing, uttering or delivery of any such check or draft as aforesaid that he has no funds on deposit in or credits with such bank or depository with which to pay such check or draft upon presentation.'

"It is the uttering, or delivering the check for the payment of money or the equivalent that constitutes the offense. The fact that the swindled party is able to recover the money or its equivalent does not abate or lessen the crime. The purpose of the act was to stop the mischievous practice of overdrafting and 'check-kiting' by the issuance of no fund checks. See, *e.g., The State v. Avery,* 111 Kan. 588, 207 Pac. 838; *In re Myers,* 119 Kan. 270, 237 Pac. 1026.

"The offense was complete when the worthless check was issued to the Earl Young Motor Company as a down payment on the automobile."

In *State v. Dye,* 148 Kan. 421, 83 P.2d 113 (1938), the Court held:

" 'The public and the person injured by a crime each has a distinct, although concurrent, remedy, as a criminal act is both a private and a public wrong, and these remedies may operate simultaneously. Recovery in a civil action does not bar a criminal prosecution. And therefore as a general rule the pendency of a civil action cannot be pleaded either in abatement or in bar.'
. . . .
" 'It is beyond the power of a private person to license the commission of a crime. As to the more serious crimes which are purely transgressions of the public right, it must follow that consent thereto of private persons directly injured thereby cannot, to any extent, purge such crimes of their character as public wrongs, nor render those who commit them less liable to punishment.' " 148 Kan. at 427-28, following 16 C.J. at 97 and 92.

Following this line of reasoning, the crime here was complete prior to the time the bill was paid. The crime being complete, the fact that plaintiff ultimately paid the bill does not show the crime did not occur. See *State v. Schifani,* 92 N.M. 127, 584 P.2d 174 (1978). Any other conclusion would lead to the undesirable result that the law would provide little deterrent to potential defrauders who would simply commit the crime with impunity and absolve

themselves from any criminal sanctions by simply paying the bill if unfortunate enough to be apprehended. The legislature did not intend such a result. We find the same reasoning dispositive of plaintiff's false arrest claim. In *Thompson v. General Finance Co., Inc.,* 205 Kan. 76, Syl. ¶ 1, 468 P.2d 269 (1970), the Court wrote:

"A person seeking to recover for false arrest or false imprisonment must prove that he was *unlawfully caused to be arrested* by the defendants." (Emphasis added.)

The parties agree that probable cause existed to support the issuance of a warrant for plaintiff's arrest; and since the acceptance of his cashier's check by Ramada Inn in payment of the bill did not remove this probable cause, plaintiff's arrest was lawfully executed. Without an unlawful arrest, the trial court acted properly in granting judgment against plaintiff on his false arrest claim.

Affirmed.