**Bobby Ray THOMAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–81–00021–CR.**

Court of Appeals of Texas,
Dallas.

Oct. 22, 1981.

Bill Roberts, Dallas, for appellant.

Henry Wade, Dist. Atty., Karen Chilton Beverly, Asst. Dist. Atty., Dallas, for appellee.

Before TED Z. ROBERTSON, STEPHENS and ALLEN, JJ.

ALLEN, Justice.

This is an appeal from a conviction for burglary of a habitation. Following a verdict of guilty, punishment was assessed by the jury at 99 years.

The appellant contends that there was insufficient evidence to support the judgment of conviction, that the trial court erred in re-reading a portion of the testimony to the jury after they retired for deliberations, and that he was denied effective assistance of counsel. We disagree and thus affirm.

■■■ When reviewing the sufficiency of the evidence, an appellate court must view the evidence in the light most favorable to the verdict. *Clark v. State*, 543 S.W.2d 125 (Tex.Cr.App.1976). The appellate court may not pass upon the credibility of the witnesses or the weight to be given their testimony, nor may it interfere with the jury's resolution of conflicts in the evidence. *Esquivel v. State*, 506 S.W.2d 613 (Tex.Cr. App.1974). The facts in this case are sufficient to connect the appellant with the commission of the offense. No error is shown. *Jones v. State*, 482 S.W.2d 184 (Tex.Cr.App. 1972).

In his first supplemental ground of error the appellant contends that the trial court erred in re-reading a portion of the complainant's testimony to the jury in violation of article 36.28, Tex.Code Crim.Proc.Ann. (Vernon 1981). During deliberations on the guilt or innocence stage of the trial, the jury sent a note to the court asking for "witness answer when defendant asked for a cigarette." Defense counsel objected to the re-reading of the testimony on the grounds that the answer given by the witness was not responsive to the question asked, and that defense counsel did not believe the question was asked. The objection was overruled, whereupon the jury was brought into open court. After determining from the foreman that the "witness" referred to was the complainant, the court read the following to the jury without further objection:

ANSWER: Well, he wanted a cigarette, so I got one and handed it to him, and handed him the lighter and he wouldn't take it, he made me light his cigarette and then he said he was so sorry that he did this, that I was such a beautiful woman that he felt real bad and that he had never done this before and that he had been smoking pot and that somebody had turned him on to some good speed and he was all mixed-up and didn't understand why he did it.

■■■ We hold that the trial judge properly overruled defense counsel's objection as stated in the record. An objection must be specific and explicit to preserve error. *McWherter v. State*, 607 S.W.2d 531 (Tex. Cr.App.1980); *Spencer v. State*, 438 S.W.2d 110 (Tex.Cr.App.1969). Additionally, the objection must be made on the proper grounds. *Graham v. State*, 546 S.W.2d 605 (Tex.Cr.App.1977). While defense counsel did object on the grounds of non-responsiveness and that he believed the question was not asked, we find that these objections were properly overruled by the trial court. The record reflects that no objection was made under the terms of article 36.28. Absent the proper objection nothing is preserved for review. *Campbell v. State*, 545 S.W.2d 791 (Tex.Cr.App.1977); *Swindell v. State*, 491 S.W.2d 400 (Tex.Cr.App.1973); *Martin v. State*, 459 S.W.2d 845 (Tex.Cr. App.1970); *Maldonado v. State*, 425 S.W.2d 646 (Tex.Cr.App.1968).

■■■ In his second supplemental ground of error, appellant claims that he was denied effective assistance of counsel. The standard for determining the effective assistance of counsel is whether or not such assistance was reasonably effective. This court will not second-guess through hindsight the strategy employed at trial nor the fact that another attorney would have tried the case differently. *Boles v. State*, 598 S.W.2d 274 (Tex.Cr.App.1980). Judging, as we must, the quality of appellant's representation by viewing it in its totality, we cannot say he was denied effective assistance of counsel. No error is shown.

The judgment is affirmed.