Tony Wade THORN, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 05–81–01048–CR to 05–81–01051–CR.

Court of Appeals of Texas,
Dallas.

April 13, 1983.
Rehearing Denied May 19, 1983.

Kerry P. Fitzgerald, Dallas, for appellant.

Henry Wade, Dist. Atty., Anne B. Wetherholt, Asst. District Atty., for appellee.

Before GUITTARD, C.J., and STOREY and GUILLOT, JJ.

GUILLOT, Justice.

This is an appeal from two convictions for theft of property of the value of $200 or more but less than $10,000. Trial was held before the court on both offenses. In view of those convictions, the trial court found that the appellant had violated the terms of his deferred adjudication probation and proceeded to adjudicate appellant guilty of two prior offenses of burglary of a building. Appellant was sentenced to seven years of confinement in the Texas Department of Corrections on each offense. We affirm as to all four convictions.

■ In his first ground, appellant contends that it was reversible error to exclude the testimony of the complainant that he did not desire the State to prosecute the theft charges. Appellant's argument is that such testimony is relevant to the issue of punishment and should have been admitted. We find that excluding this testimony was not error because it is wholly irrelevant to any issue in the case. In *Davis v. State,* 70 Tex.Cr.R. 524, 158 S.W. 288, 290 (Tex.Cr. App.1913), it was held that:

> [I]t is beyond the power of a private person to license the commission of a crime. As to these more serious crimes which are purely transgressions of the public right, it must follow that consent thereto of private persons directly injured thereby cannot, to any extent, purge such crimes of their character as public wrongs, nor render those who commit them less liable to punishment.

*See also, State v. Dye,* 148 Kan. 421, 83 P.2d 113 (1938); *Glassey v. Ramada Inn,* 5 Kan. App.2d 121, 612 P.2d 1261 (Kan.App.1980); *Williams v. State,* 126 Ga.App. 302, 190 S.E.2d 807 (Ga.App.1972); *Martin v. Commonwealth,* 260 S.W.2d 663 (Ky.App.1953). The district attorney represents the State of Texas and society as a whole, and any transgressions against the people of the State for which criminal sanctions are provided cannot be excused because of the wishes of a private individual. In this regard, it was not error to exclude testimony from a private citizen that it was his desire not to prosecute when the crime, as in the present case, is a public wrong. Appellant's first ground of error is overruled.

■ In his second ground of error, appellant contends that the evidence is insufficient to support the theft convictions. Appellant further contends that, because the theft convictions are unsupported by sufficient evidence, the orders adjudicating his guilt on the burglary charges should be set aside. We disagree. Appellant challenges the evidence identifying him as the person who on two occasions obtained merchandise from an automobile parts store by falsely representing himself as an employee of another parts store. At trial, a prosecution witness identified appellant in open court as the man who procured the parts on the

dates in question. Appellant claims that someone else took the parts and that the store was too crowded and busy for the witness to positively identify him.

■ The credibility of a witness is for the trier of fact to decide, and the trial court, as the trier of fact, is free to accept or reject any testimony. *Johnson v. State,* 571 S.W.2d 170, 173 (Tex.Cr.App.1978); *Limuel v. State,* 568 S.W.2d 309, 311 (Tex.Cr. App.1978). It is not the function of this court to reweigh the evidence presented at trial. *Thomas v. State,* 624 S.W.2d 296, 297 (Tex.App.—Dallas 1981, no pet.). Viewing the evidence in a light most favorable to the verdict, we must affirm appellant's convictions because there was evidence from which a rational trier of fact could find appellant guilty beyond a reasonable doubt. *See Griffin v. State,* 614 S.W.2d 155, 158 (Tex.Cr.App.1981); *Thomas,* 624 S.W.2d at 297. Appellant's second ground of error is overruled.

■ In his last ground of error, appellant contends that the sentences of seven years on each of the four convictions constitutes cruel and unusual punishment. Appellant concedes that the trial court's sentences were within the range of punishment authorized by statute. Punishment within these limits is not cruel or unusual and does not render the sentences excessive. *Gaines v. State,* 479 S.W.2d 678 (Tex.Cr.App.1972); *Reid v. State,* 157 Tex.Cr.R. 65, 246 S.W.2d 197 (1952); *Stroud v. State,* 145 Tex.Cr.R. 264, 167 S.W.2d 526 (1943). Appellant's final ground is overruled.

Affirmed.