Bethel Corbal
BARRILLEAUX, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–87–00696–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

July 21, 1988.

Will Gray, Houston, for appellant.

John B. Holmes, Jr., Linda A. West, Houston, for appellee.

Before JUNELL, SEARS and CANNON, JJ.

## OPINION

JUNELL, Justice.

Appellant appeals a conviction for attempted capital murder of a police officer, enhanced by two prior felony convictions. The court found appellant guilty of the offense and sentenced him to thirty years imprisonment.

Appellant brings five points of error asserting that: (1) the evidence is insufficient to prove appellant knew the police officer was a police officer; (2) the evidence is insufficient to prove the police officer was acting in the lawful discharge of an official duty at the time of the shooting; (3) the evidence shows that appellant believed the police officer was a member of a motorcycle gang; (4) the evidence shows that appellant acted in self defense; and (5) appellant was justified in using deadly force. We affirm.

On January 14, 1987, Pasadena Police narcotics officer W.R. King obtained an arrest warrant for appellant and search warrants for two of appellant's residences. Surveillance was undertaken at appellant's townhouse from an unmarked van parked across the street in a church parking lot. Appellant's townhouse was similar to a fortress and it was believed that it was protected by counter-surveillance equipment. The warrants were issued at approximately 10:30 p.m.

At approximately 11:30 p.m. appellant drove a cadillac into his townhome driveway. The cadillac then backed out of the driveway and pulled into the church parking lot and drove towards where the police officers were parked. Officer Gebauer, who was inside the unmarked van, drove the van to the other side of the church parking lot and then began donning his raid gear. At that time appellant quickly left the parking lot driving the wrong way down the street in front of the church, and then pulled into the driveway next to his own townhome driveway. Then Officer T.L. Smith, who was parked nearby in an unmarked car, exited his motor vehicle and ran towards the driver's side of appellant's car, yelling "police officer."

The police officers inside the unmarked van were all wearing either raid jackets or raid vests which identified them as police officers. Just as the officers in the van were about to emerge, one of appellant's companions in the cadillac shot two shotgun blasts into the police van. The police officers returned the fire. When the shooting subsided, the officers identified themselves as police officers and told appellant and his companions to drop their weapons and exit their vehicle. Appellant then fired three gunshots at Officer Gebauer who was standing behind the open driver's door of the van. The police officers again fired at appellant and his companions. Appellant eventually exited his motor vehicle and surrendered.

In points of error one and two appellant argues that the evidence is insufficient to prove that appellant knew Officer Gebauer was a police officer when appellant shot at him, or to prove that Officer Gebauer was acting as a police officer at the time the shooting occurred.

The standard for judging a sufficiency question is whether, when viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Texas has adopted this standard for both direct and circumstantial evidence cases. *Chambers v. State,* 711 S.W.2d 240, 245 (Tex. Crim.App.1986). The issue on appeal is not whether we as a court believe the prosecutor's evidence or believe that the defense evidence "outweighs" the state's evidence. *See Wicker v. State,* 667 S.W.2d 137, 143 (Tex.Crim.App.1984), *cert. denied,* 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984). Furthermore, if there is any evidence that establishes guilt beyond a reasonable doubt, and if the trier of fact believes that evidence, the conviction will not be reversed on sufficiency of the evidence grounds. *Wicker v. State,* 667 S.W.2d at 143; *Combs v. State,* 643 S.W.2d 709, 716 (Tex.Crim.App.1982).

We will first address appellant's assertion that he did not know that Officer Gebauer was a police officer when appellant shot at him. Officer T.L. Smith testified that he stopped his vehicle approximately twenty to twenty-five feet from appellant's car after the police van pulled up behind appellant's cadillac. Officer Smith exited his vehicle, ran towards the cadillac and shouted "police officer" as loud as he could several times. The officer testified that the driver's side window of the cadillac was down at this time. During this time interval no gunshots were heard and Officer Smith stated that he could tell his voice was carrying. Officer Gebauer testified that after the first round of gunshots and prior to the time appellant shot towards Officer Gebauer there was a lull in the gunfire. During this lull several officers were shouting "police." Immediately after this quiet interlude, appellant aimed and fired at Officer Gebauer. Officer Gebauer's testimony was supported by several other officers who were present at the

scene. We hold that this testimony constitutes sufficient evidence upon which the trier of fact could have determined that appellant knew that Officer Gebauer was a police officer.

■ Appellant next asserts that the evidence is insufficient to prove that officer Gebauer was acting in the lawful discharge of an official duty at the time appellant shot towards the officer. Officer Gebauer testified that he was conducting surveillance of appellant's townhome and another nearby townhome on the evening of January 14, 1987. Officer King also testified that he had obtained an arrest warrant for appellant in addition to the search warrants for his residences on January 14, 1987. The surveillance team was in the process of executing these warrants when appellant shot at Officer Gebauer.

There is sufficient evidence in the record supporting the trial court's finding that Officer Gebauer was acting as a peace officer when he was fired upon by appellant. Further, there exists sufficient evidence showing appellant knew Officer Gebauer was acting in his official capacity as a peace officer when appellant shot towards him. Points of error one and two are overruled.

■ In points of error three and four appellant contends that the evidence shows, or at least raises a reasonable doubt, that appellant thought the peace officers were members of a motorcycle gang intent on killing appellant and because of this belief appellant acted in self defense. Appellant asks this court to review the evidence presented and find that appellant did not intentionally shoot towards the peace officers but rather that he was operating under the mistaken impression that they were motorcycle gang members. We decline to do so.

It is not the function of this court to reweigh the evidence presented at trial. *Thomas v. State*, 624 S.W.2d 296, 297 (Tex. App.—Dallas 1981, no pet.). The credibility of a witness is for the trier of fact to decide, and the trial court, as the trier of fact, is free to accept or reject any testimony. *Thorn v. State*, 651 S.W.2d 39, 41 (Tex.App.—Dallas 1983, pet. ref'd); *Johnson v. State*, 571 S.W.2d 170, 173 (Tex. Crim.App.1978). The trier of fact may resolve or reconcile conflicts in the testimony, accepting or rejecting such portions thereof as it sees fit. *See Banks v. State*, 510 S.W.2d 592, 595 (Tex.Crim.App.1974); *Combs v. State*, 643 S.W.2d 709, 716 (Tex. Crim.App.1982). In this case the trial judge heard the witnesses testify and was the exclusive trier of the facts.

The evidence presented at appellant's trial showed that the police officers identified themselves as police officers before any shooting transpired and again during a lull in the shooting. The testimony showed that the police officers shouted their identity to appellant while he was inside his automobile and appellant's automobile window was down on the driver's side. The trial court was free to believe or disbelieve appellant's version of the facts. *Carrasco v. State*, 712 S.W.2d 120, 122 (Tex.Crim. App.1986); *Duff v. State*, 546 S.W.2d 283 (Tex.Crim.App.1977). Points of error three and four are overruled.

■ In his final point of error appellant contends he was justified in using deadly force against the police officers since the police officers used excessive force in attempting his arrest. Appellant admits that he fired at the police officers but asserts that this was in response to the police officers' use of excessive force in procuring his arrest. Our view of the record shows no evidence that the police used excessive force to procure appellant's arrest.

The state rebuts appellant's argument by reiterating the police officers testified that appellant's companion, Charles Hankins, fired the first gunshot at the police officers. The fact that appellant's companion fired at the officers justified their subsequent use of force. It was within the trial court's prerogative to believe appellant and his companions fired the first gunshot and were the first ones to use deadly force. The trial court was entitled to believe the testimony of the police officers and disbelieve appellant's testimony. Point of error five is overruled.

The judgment of the trial court is affirmed.