[Crim. No. 16611. Second Dist., Div. Five. Mar. 3, 1970.]

THE PEOPLE, Plaintiff and Respondent, v
NATHANIEL HOLMES, Defendant and Appellant.

**COUNSEL**

George L. Vaughn, Jr., for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Frederick R. Millar, Jr., Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**STEPHENS, J.**—Defendant was charged by information with violation of Penal Code, section 487, subdivision 1 (grand theft). Defendant, appearing with counsel, was arraigned and pled not guilty. Defendant personally and all counsel waived jury trial and stipulated that the case be submitted on the transcript of the preliminary hearing, each side reserving the right to offer additional evidence. Further testimony was taken and the court found defendant guilty of violating Penal Code, section 484 (petty theft), a lesser and necessarily included offense. Probation was denied and defendant was sentenced to imprisonment in the Los Angeles County jail for 180 days, with sheriff's honor farm recommended.

The victim of the theft hired defendant's wife to do some typing at the victim's home. The victim had been cleaning out his garage but was unable to complete the job because of his broken ankle. Since defendant was coming to his house each day to bring the defendant's wife her lunch, the victim asked him if he would like to clean out the garage. In return for his work, the victim offered to give defendant certain items from the garage "to be selected later." The defendant accepted the offer. Approximately a week or two after defendant began cleaning the garage, the victim ascertained that certain items were missing from both the garage and his home. The victim personally noticed that a Sony tape recorder which he estimated to be worth $300 and a vari-bladed appliance, worth about $50 were missing from his home. He determined that a Viking tape deck in a case, stated to be worth about $450, a full set of elecric soldering equipment, valued at $75, various automobile tools, machine tools and a Skil saw, worth about $125, and a 16-millimeter movie projector, worth about $300, were missing from his garage. Because of his broken ankle, the victim was unable to personally inspect his garage. However, he determined the above items were missing when, after the Sony tape recorder disappeared, he asked the defendant to look for it and the other items in his garage. The defendant looked on several different days but told the victim he could not find the items. Approximately a week after the tape recorder disappeared, the victim telephoned the defendant's wife and complained about the missing items. The defendant came to the victim later the same day, looked in the garage, and announced that he had found the Sony tape recorder. A day or two later the defendant brought the Viking tape deck to the victim and said "Well, here you are." When the victim asked where the case for the tape deck was, defendant answered that he had given it to a friend and offered to pay the victim $10 for it. The victim refused to accept the money. When the victim asked him where the other missing items were, the defendant became angry and left. The victim testified that he had never given the defendant permission to take anything from his home or garage.

The defendant admitted that he took certain items from the victim's garage, including a saw and hand tools, a tape recorder, a sander, and a tool box. He denied that he stole these items, contending that he felt he had permission to take them as gifts or pay in exchange for work and errands performed for the victim. Defendant's wife also testified that she thought the victim had given defendant permission to take what he wanted from the garage. She testified that the victim began to complain about the missing items after she had completed the typing for him.

▅ Defendant contends that he is not guilty of theft because he did not have the intent to steal, believing the victim had given him permission to take the items as a gift, and because he did not intend to permanently deprive the victim of the items.

The nature of the agreement between defendant and the victim, as well as defendant's intent when he took the items, are questions of fact. The victim testified they had agreed that defendant was to be paid for his work by items to be selected later, and that he had never given defendant permission to take anything from his home or garage. It is the exclusive province of the trier of fact to determine the credibility of witnesses (*People* v. *Lyons,* 47 Cal.2d 311, 320 [303 P.2d 329]) and resolve conflicts in the evidence (*People* v. *Hills,* 30 Cal.2d 694, 701 [185 P.2d 11]).

▅ Defendant contends that the victim owed him a debt which he never intended to pay and defendant was therefore entitled to take his property to offset this debt. This contention is without merit. ▅ In *People* v. *Poindexter,* 255 Cal.App.2d 566, 570 [63 Cal.Rpr. 332], the court noted the distinction "between a bona fide intent to recover a liquidated claim, and the mere self help in the recompense of unliquidated damages."

While a taking in the former situation might not be theft, a taking in the latter situation would be. (Cf. *People* v. *Butler,* 65 Cal.2d 569 [55 Cal. Rptr. 511, 421 P.2d 703].) ▅ The unliquidated claim in *Poindexter* was in tort, while that in the instant case is in contract. Nevertheless, the same principle applies.

In addition, Penal Code section 511[1] provides that the unlawful retention of the property of another to offset or pay demands held against him is no defense to a charge of embezzlement. (See also, *People* v. *Schwenkner,* 191 Cal.App.2d 46, 50-51 [12 Cal.Rptr. 408]; *People* v. *Proctor,* 169 Cal.

---

[1]Penal Code, section 511: "Upon any indictment for embezzlement, it is a sufficient defense that the property was appropriated openly and avowedly, and under a claim of title preferred in good faith, even though such claim is untenable. But this provision does not excuse the unlawful retention of the property of another to offset or pay demands held against him."

App.2d 269, 277 [337 P.2d 93].) While section 511 refers only to embezzlement, section 490a requires that the word "theft" be substituted in any statute referring to embezzlement.

In regard to defendant's contention that he did not intend to permanently deprive the victim of the items he took because he returned some of them, he admitted that he took some items which were never returned. Moreover, restoration of property wrongfully taken is no defense to a charge of theft (*People* v. *Pond,* 44 Cal.2d 665, 674 [284 P.2d 793]), and is only a matter which the court might consider in mitigation of punishment. (*People* v. *Costello,* 107 Cal.App.2d 514, 518 [237 P.2d 281].)

The judgment is affirmed.

Kaus, P. J., and Aiso, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 29, 1970.