[No. F012148. Fifth Dist. May 16, 1990.]

THE PEOPLE, Plaintiff and Respondent v.
RICHARD ANTHONY ROMO, Defendant and Appellant.

**COUNSEL**

Michael H. Murray, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Thomas Y. Shigemoto and Joel Carey, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**THAXTER, J.**—Appellant was convicted by a jury of grand theft (Pen. Code, § 487, subd. 1). He admitted a sentence enhancement allegation of a prior felony conviction (Pen. Code, § 667.5, subd. (b)), and was thereafter sentenced to a three-year prison term. The sole issue he raises on appeal is that the court erred in refusing his proffered jury instruction on the claim-of-right defense. We will hold that the instruction was properly rejected because there was insufficient evidence to support the defense. Finding no error, we will affirm.

## FACTS

Raymond Hehn owned some land in the Bakersfield area. In 1984, Hehn pulled the well-casing from an abandoned well located on the property. Hehn rested the pipe on timbers and left it on the land. Thereafter he subdivided the property. In 1987, he sold the parcel where the pipe was located, but retained ownership of the pipe. Hehn frequently visited the property.

On June 30 or July 1, 1988, appellant took the pipe, cut it into smaller pieces, and sold it to a scrap dealer. An investigation led officers to appellant. After being advised of the investigation, appellant admitted taking the pipe. He told the investigating officer "the bank had foreclosed on [Hehn's] property . . . and that Mr. Hehn had no assets on that property, that he had seized the pipe." When asked whether he had documents or written authorization to seize the pipe, appellant said he did not.

On cross-examination appellant's counsel elicited the following testimony from the investigating officer:

"A. Mr. Romo told me that he had prior business contacts with Mr. Hehn, and that Mr. Hehn had allowed him to store a vehicle on that same property on South Fairfax, south of Redbank.

"Um, Mr. Romo told me that a time later, he didn't specify how long later, he had responded to the area where he had seen the windows broken out of the vehicle that he had stored there.

"He felt that Mr. Hehn was a suspect in that vandalism, and that that's why he took the pipe.

"Q. Basically, to get back at Mr. Hehn?

"Is that what it was?

"A. I don't recall if he explained whether he thought this was restitution or revenge."

Hehn denied responsibility for the damage to appellant's car and said appellant did not have authority to keep the car on the property. There was no attempt at trial to value the damage to the car. Appellant did not testify. Only the testimony of the investigating officer is relevant to the issue raised on appeal.

## DISCUSSION

At trial, appellant requested the following instruction be given to the jury: "If one takes personal property with a good faith belief that the property has been abandoned or he has a legal right to take the property he is not guilty of theft. This is the case even if such good faith belief is unreasonable. The prosecution must prove beyond a reasonable doubt that the Defendant did not so believe for you to convict a Defendant of theft." The court refused the instruction. The court's reasoning does not appear in the record.

■ Appellant contends the refusal to give the requested instruction constitutes reversible error because it deprived him of a potentially meritorious defense. The request for the omitted instruction is the only reference in the record to support a claim that this was a defense contemplated by appellant. No testimony, other than that of the investigating officer, was offered concerning appellant's belief at the time he took the property. There was also no evidence of the car's value, the date and extent of damage suffered, the monetary loss, or the factual basis for appellant's suspicion that Hehn was the culprit.

Appellant correctly asserts a claim-of-right defense is available upon an appropriate showing. "It is an established principle of the law of theft that a bona fide belief of a right or claim to the property taken, even if mistaken, negates the element of felonious intent." (*People* v. *Alvarado* (1982) 133 Cal.App.3d 1003, 1017 [184 Cal.Rptr. 483], citing *People* v. *Butler* (1967) 65 Cal.2d 569, 573 [55 Cal.Rptr. 511, 421 P.2d 703].) It is equally well settled a trial court must give a requested instruction when there is sufficient evidence to support it, that is, when there is evidence from which reasonable jurors could conclude the facts underlying the instruction exist. (*People* v. *Barrick* (1982) 33 Cal.3d 115, 132 [187 Cal.Rptr. 716, 654 P.2d 1243]; *People* v. *Flannel* (1979) 25 Cal.3d 668, 684 [160 Cal.Rptr. 84, 603 P.2d 1].)

Appellant's assertions raise two issues for our consideration. First, is the claim-of-right defense available to appellant under the circumstances of this

case as a matter of law? Second, is there sufficient evidence to support giving a claim-of-right instruction? Because we conclude there was insufficient evidence to support the instruction, we need not determine the parameters within which a claim-of-right defense is available to a defendant. A brief overview of the defense as it is currently applied in California is necessary to our analysis, however.

■ A defendant who acts under the subjective belief that he or she has a lawful claim on property lacks the required felonious intent to steal. (*People* v. *Butler, supra,* 65 Cal.2d 569, 573.) A defendant need not show his mistaken claim-of-right was reasonable. An unreasonable belief that he had a legal right to take another's property will suffice so long as he can establish his claim was made in good faith. (*Ibid.*) The parameters of this defense have not yet been fully defined by the courts. Action intended to collect a specific debt may support the claim-of-right defense unless the claim arises from illegal activity. (*Id.* at p. 574 (defendant went to victim's house with intent to force payment of wages, not to rob); *People* v. *Gates* (1987) 43 Cal.3d 1168, 1181-1182 [240 Cal.Rptr. 666, 743 P.2d 301] (claim arising out of forgery ring will not support defense); *People* v. *Hendricks* (1988) 44 Cal.3d 635, 642 [244 Cal.Rptr. 181, 749 P.2d 836] (claim arising out of prostitution will not support defense).) It is questionable whether claims based on unliquidated debts will support the defense. (*People* v. *Holmes* (1970) 5 Cal.App.3d 21, 23-24 [84 Cal.Rptr. 889].) California courts have also recognized the difference between self-help restitution and revenge, although no definitive statement on what distinguishes one from the other appears in the reported decisions. (See *People* v. *Alvarado, supra,* 133 Cal.App.3d 1003, 1017.)

In *People* v. *Holmes, supra.* 5 Cal.App.3d 21, 23-24, the defendant argued he could not be convicted of theft because he took items from his employer's garage in payment for wages. He claimed his agreement with his employer was that he would be paid for his work (cleaning the garage) with items to be selected later, and thus claimed he had permission to take the items in question. He also contended his employer did not intend to pay him, and therefore he had a right to take the items to offset the debt. The appellate court rejected this argument. Quoting *People* v. *Poindexter* (1967) 255 Cal.App.2d 566 at page 570 [63 Cal.Rptr. 332], the court noted the distinction " 'between a bona fide intent to recover a liquidated claim, and the mere self help in the recompense of unliquidated damages.' " (5 Cal.App.3d at p. 24.) The court held the latter situation could not be used as a defense to the crime of theft. As additional support for its conclusion, the *Holmes* court pointed to Penal Code section 511 which provides the unlawful retention of another's property to offset claims against the person will

not excuse embezzlement. (Pen. Code, § 490a makes the section applicable to all theft crimes.) (*Id.* at pp. 24-25.)

■ The availability of a claim-of-right defense under the facts of this case as a matter of law is doubtful at best even if the evidence supported a claim-of-right instruction. We need not decide, however, whether the defense is available to defendants who take the property of another to recoup an unliquidated debt or as recompense for unlawful property damage or loss because we conclude the evidence does not support an inference that appellant was acting in good faith under a claim-of-right.

■ Whether or not a given set of facts provides the necessary support for drawing a particular inference is a question of law. Before instructing a jury that it may draw the inference, the trial court must determine that there is evidence on the record which, if believed, will support it. (*People* v. *Hannon* (1977) 19 Cal.3d 588, 597-598 [138 Cal.Rptr. 885, 564 P.2d 1203].) Giving an instruction implies there are factual questions to which the instruction relates. (*People* v. *Gloria* (1975) 47 Cal.App.3d 1, 7 [120 Cal.Rptr. 534].)

"In evaluating the evidence to determine whether a requested instruction should be given, the trial court should not measure its substantiality by weighing the credibility . . . . If the evidence is 'minimal and insubstantial,' however, the court need not instruct on its effect. [Citations.] Doubts as to the sufficiency of the evidence to warrant instructions should be resolved in favor of the accused. [Citations.]" (*People* v. *Duckett* (1984) 162 Cal.App.3d 1115, 1125 [209 Cal.Rptr. 96].)

■ Based on our reading of *Butler* and its progeny, we conclude a trial court is not required to instruct on a claim-of-right defense unless there is evidence to support an inference that appellant *acted* with a subjective belief he or she had a lawful claim on the property. The rule in *Butler* is founded on the well settled principle that "Felonious intent exists only if the actor intends to take the property of another without believing in good faith that he has a right or claim to it. (*People* v. *Stone*, [1860] 16 Cal. 369.)" (*People* v. *Butler, supra,* 65 Cal.2d at p. 573.) The court in *Butler* reasoned when there is evidence that the actor took property with a good faith belief he had a right or claim to it, the subjective belief would negate criminal intent. If there is no evidence to support a finding that the actor held such a belief, however, there is no basis for giving the instruction.

Appellant presented no evidence suggesting he acted upon a belief that he had a bona fide claim to the pipe. There is evidence implying his actions may have been motivated by revenge, but none suggesting he in good faith

believed the law allowed him to take the pipe to recover his own loss (i.e., the car windows). The only inference which can be drawn from the officer's testimony is that appellant acted to settle the score. ("He felt that Mr. Hehn was a suspect in that vandalism, and . . . that's why he took the pipe.") This is not sufficient. (*People* v. *Alvarado, supra,* 133 Cal.App.3d 1003, 1017-1018.) We hold evidence of a claim alone, without more, will not support a claim-of-right defense.

There is also no evidence appellant believed the pipe to be abandoned. Testimony suggesting appellant knew Hehn no longer owned the land and had removed his assets from it does not suggest appellant honestly believed no one owned the pipe so he was entitled to "seize" it.

Because there was no substantial evidence supporting the instruction, the trial court properly refused it.

## DISPOSITION

The judgment is affirmed.

Ardaiz, Acting P. J., and Vartabedian, J., concurred.