[No. B097378. Second Dist., Div. Six. July 25, 1996.]

In re ALBERT A., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
ALBERT A., Defendant and Appellant.

## Counsel

Joseph W. Klobas, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General,

William T. Harter and Russell A. Lehman, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**STONE (S. J.), P. J.**—Here we hold that taking a bicycle by threat of force for ransom constitutes a robbery.

Albert A. appeals from the order continuing him a ward of the court (Welf. & Inst. Code, § 602) by reason of his having committed second degree robbery (Pen. Code, § 211). He was continued on probation and contends that the prosecution failed to establish the requisite intent to sustain the second degree robbery allegation. We affirm the order.

### FACTS

On February 25, 1995, appellant and 13-year-old Ali L. were both riding bicycles in Oxnard when appellant blocked Ali L.'s way. Appellant told Ali L. that he had heard one of Ali L.'s relatives had stolen one of appellant's bicycles and that appellant intended to keep Ali L.'s bicycle until appellant's stolen bicycle was returned. Appellant threatened to hit Ali L. and knock him down if he did not surrender his bicycle. Appellant took Ali L.'s bicycle.

On March 16, 1995, a police officer had appellant's girlfriend page appellant. Later, appellant took Ali's bicycle, which now had badly scratched paint, to the police station. He told a police officer why he had taken the bicycle and said he was keeping it "basically for ransom."

In defense, Aaron L. testified that he had told appellant he had seen Ali L. riding appellant's missing bicycle and that he had heard one of Ali's relatives had stolen the bicycle. Appellant denied threatening to hit Ali and said he did not intend to keep Ali's bicycle. In explaining his intent, appellant stated: "I just took it as, you know, just like I guess you could say ransom like the officer said until I got my bike back." Appellant did not report the theft of his bicycle to the police because he bought it at a yard sale and did not have papers for it. He thought the police would "ask [him] for the number and all that." Appellant admitted he did not know who actually took his bicycle and that he kept Ali's bicycle in appellant's girlfriend's garage. Appellant had not yet recovered his stolen bicycle.

The juvenile court commented prior to hearing the arguments of counsel, "Number one, I believe that this young man believed his bike had been

stolen by someone other than the victim in this case. I think that's true. [¶] Number two, I believe that at some point he thinks or thought that the victim in this case had custody of the bike. [¶] Number three, I believe that he took the victim's bike with the specific intent to hold it until he got his bike back. I think that's all true. [¶] The issue is, accepting those facts, . . . , is that robbery on the one hand, or is that a taking under claim of right which excuses the behavior and we leave him convicted of simple assault under 240."

Appellant's trial counsel pointed out that "the question was what was on Albert's mind when he took the bicycle. . . . I think it's been proven that he did not intend to deprive Ali of his bicycle. . . ." The prosecution argued that appellant's intent to keep the property indefinitely as ransom was an intent to deprive permanently.

The court responded, ". . . I think [the prosecutor's] evaluation of the facts [is] correct. I think he intended to keep [the bicycle] for as long as it would take to get his bike back. [¶] On the state of the evidence that it was held for ransom, I think it's an issue of law if that constitutes a robbery . . . . [¶] This is a very awkward case for me. I believe the young man."

The court described appellant's conduct as a "foolish indiscretion on the part of this young man . . . ." The court said it was "duty-bound under the law to find that robbery occurred . . . ." The court further stated: ". . . I think it's a technical robbery, because he does not have the right to do what he did. . . . Did he intend to permanently deprive, and the answer is yes, he did. He had a claim, but that's not a justifiable claim in the law as I perceive it." In discussing the appropriate disposition, the juvenile court added, "We've adjudicated it was a robbery. I don't know how you put a footnote on the rap sheet that says 'But the judge thought it was at best technical and impose no sanction,' . . . ."

## DISCUSSION

■ Appellant contends that the juvenile court's comments indicate that the court did not believe appellant intended to permanently deprive Ali L. of his bicycle and that, therefore, it was error to find he committed a robbery. ■ Robbery is essentially larceny aggravated by use of force or fear to facilitate the taking of property from the person or presence of the possessor. (*People* v. *Butler* (1967) 65 Cal.2d 569, 572-573 [55 Cal.Rptr. 511, 421 P.2d 703].) Robbery requires the specific intent to deprive the victim of his or her property permanently. (*People* v. *Guerra* (1985) 40 Cal.3d 377, 385 [220 Cal.Rptr. 374, 708 P.2d 1252]; *People* v. *Butler*, *supra*, at pp. 572-573.) The

taking of the property of another is not theft absent this intent. (*People* v. *Butler*, *supra*, at pp. 572-573.) The specific intent with which an act is performed is a question of fact. (*People* v. *Kranhouse* (1968) 265 Cal.App.2d 440, 449 [71 Cal.Rptr. 223].) If any substantial evidence supports the trier of fact's finding on this issue, we will not disturb it. (*Ibid.*; see also *People* v. *DeLeon* (1982) 138 Cal.App.3d 602, 606 [188 Cal.Rptr. 63].)

Appellant asserts that his intent was to take the bicycle only temporarily. " '[A] bona fide belief of a right or claim to the property taken, even if mistaken, negates the element of felonious intent.' " (*People* v. *Romo* (1990) 220 Cal.App.3d 514, 517 [269 Cal.Rptr. 440]; *People* v. *Butler*, *supra*, 65 Cal.2d at p. 573.) There is, however, a distinction between self-help restitution and revenge. (*People* v. *Romo*, *supra*, at p. 518.) One may not take or retain property to offset a debt due. (*Ibid.*; see also *People* v. *Creath* (1995) 31 Cal.App.4th 312, 318 [37 Cal.Rptr.2d 336] [claim of debt due does not excuse unlawful retention of property].) Moreover, the defense of a good faith belief in right to property taken does not apply to a ransom demand. (*People* v. *Serrano* (1992) 11 Cal.App.4th 1672, 1677 [15 Cal.Rptr.2d 305].)

While the juvenile court indicated it believed appellant's explanation of the reason he took the bicycle, the court specifically found that appellant intended to permanently deprive Ali L. of his bicycle when appellant took it. Substantial evidence supports this finding. Appellant did not return the bicycle until he was contacted by the police. Appellant never said he thought Ali's bicycle was his or that he had a right to it. He did not, in fact, have a claim of right to Ali's bicycle, but only to his own. (Cf. *People* v. *Butler*, *supra*, 65 Cal.2d at pp. 573-574 [bona fide belief, even though mistakenly held, that one has a claim to property taken negates felonious intent]; *People* v. *Rosen* (1938) 11 Cal.2d 147, 149-152 [78 P.2d 727, 116 A.L.R. 991] [error to refuse to admit evidence supporting defense that taking was under a bona fide claim property belonged to defendant].) Moreover, it was never established with any degree of certainty that Ali had anything to do with the theft of appellant's bicycle.

Even the return of property previously taken does not compel the conclusion that a defendant intended only to temporarily deprive the owner of the property. (*People* v. *DeLeon*, *supra*, 138 Cal.App.3d at p. 606; *People* v. *Kranhouse*, *supra*, 265 Cal.App.2d at p. 450.) Appellant's intent to return Ali's bicycle upon the occurrence of an uncertain future event, here the return of appellant's stolen bicycle, did not establish there was no intent to permanently deprive Ali of his bicycle. To reason otherwise would allow a defendant who forcefully takes someone's property to avoid a robbery

conviction if the defendant could convince the trier of fact that he intended to return the property upon the occurrence of some remote future event, such as winning the lottery. The intent to return property under these circumstances is tantamount to an intent to permanently deprive the victim of his or her property because the intent to return the property is too tenuous and illusory to have any legal effect.

Substantial evidence supports the juvenile court's finding that appellant intended to permanently deprive Ali of his bicycle. (*People* v. *Ochoa* (1993) 6 Cal.4th 1199, 1206 [26 Cal.Rptr.2d 23, 864 P.2d 103]; *People* v. *Guerra*, *supra*, 40 Cal.3d at p. 385.) Consequently, the trial court did not err in holding that appellant committed a robbery.

The order continuing wardship is affirmed.

Gilbert, J., and Yegan, J., concurred.