Filed 10/7/13  P. v. Lawson CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>STEVEN LAWSON,<br><br>     Defendant and Appellant. | B243915<br><br>(Los Angeles County<br>Super. Ct. No. NA091962) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Jesse I. Rodriguez, Judge.  Judgment affirmed; sentence vacated; and remanded for further proceedings.

Tracy A. Rogers, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Kenneth C. Byrne and Seth P. McCutcheon, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Appellant Steven Lawson appeals from the judgment upon his conviction and sentence for one count of corporal injury to a cohabitant. Before this court, appellant challenges only his sentence, asserting that the court committed two errors in sentencing him. First he claims that in sentencing him under the "Three Strikes Law," the court relied upon a prior conviction appellant sustained in Alabama for "third degree robbery" that does not qualify under California law as a "strike" and/or a serious felony prior conviction, under Penal Code section 667, subdivision (a)(1). Second, appellant asserts that the trial court calculated and awarded appellant conduct credits under the wrong section, namely, Penal Code section 2933.1. He claims that his conduct credits should have been determined pursuant to Penal Code section 4019. Respondent concedes the matter must be remanded as to both sentencing issues. We agree, and accordingly, appellant's sentence is vacated and the matter is remanded for further proceedings.

### BACKGROUND AND PROCEDURAL HISTORY

Appellant was charged in the trial court with two counts of corporal injury to a cohabitant in violation of Penal Code section 273.5, subdivision (a).[1] The information further alleged weapons and great bodily injury enhancements. In addition, it was alleged that appellant had served four prior prison terms. A conviction for "Robbery 3rd Degree" in Alabama, was also alleged as a prior serious or violent felony conviction pursuant to the Three Strikes Law, Penal Code sections 667, subdivisions (d)(2) and (b)-(i), and 1170.12, subdivisions (a) through (d); and a serious felony conviction under Penal Code section 667, subdivision (a)(1).[2]

---

[1]    The underlying facts that support appellant's conviction are not relevant to the issues on appeal and are therefore omitted.

[2]    The Alabama conviction occurred on August 31, 1981, in the Tuscaloosa Alabama Circuit Court. Appellant pleaded guilty to Third Degree Robbery and received a sentence of three years. There are no facts in the record before this court that describe the facts of the incident that led to the conviction.

2

On July 16, 2012, a jury convicted appellant of corporal injury to a cohabitant alleged in count 2 and found true the enhancement for the personal use of a deadly and dangerous weapon. In a separate proceeding the trial court found the four qualifying prior prison terms under Penal Code section 667.5, subdivision (b) and the prior conviction allegations true.

The court imposed a sentence of 16 years in state prison.[3] The trial court also awarded appellant 165 days of presentence custody credits, consisting of 144 actual days and 21 days of conduct credit.

Appellant filed a timely notice of appeal.

*DISCUSSION*

**I. Remand Is Required to Determine Whether Appellant's 1981 Conviction for Third Degree Robbery in the State of Alabama Constitutes a "Strike" Offense and a Serious Felony Under California Law**

Before this court, appellant alleges that his Alabama conviction does not qualify as a "strike" or a serious felony prior conviction, and thus his sentence must be vacated.

Under California law, a qualifying strike under the Three Strikes Law may be:

> A conviction in another jurisdiction for an offense that, if committed in California, is punishable by imprisonment in the state prison. A prior conviction of a particular felony shall include a conviction in another jurisdiction for an offense that includes all of the elements of the particular felony as defined in subdivision (c) of Section 1192.7. (Pen. Code, § 667, subd. (d)(2).)

---

[3] On count 2, the trial court imposed the midterm of three years doubled pursuant to Penal Code section 1170.12, subdivisions (a) through (d), and Penal Code section 667, subdivisions (b) through (i), for a total of six years; one year for the personal use of a deadly weapon (§ 12022, subd. (b)(1)); five years for the serious felony prior conviction (§ 667, subd. (a)(1)); and four one-year terms for appellant's prison priors, alleged pursuant to Penal Code section 667.5, subdivision (b).

3

Under Penal Code section 667, subdivision (a)(1), an individual's sentence will be enhanced if he "has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony." (Pen. Code, § 667, subd. (a)(1).)

Robbery in the state of California is defined as "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." (Pen. Code, § 211.)

Alabama law defines "Third Degree Robbery" as:

> (a) A person commits the crime of robbery in the third degree if in the course of committing a theft he:
>
> (1) Uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance; or
>
> (2) Threatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property. (Code of Ala., § 13A-8-43.)

Our Supreme Court set forth a two-step inquiry in *People v. McGee* to analyze whether an out-of-state robbery conviction qualifies as a "serious felony" under California law. (*People v. McGee* (2007) 38 Cal.4th 682, 688, 691.) The *McGee* court first compared the statutes to determine whether the conduct that violated the Nevada robbery statute also violated the robbery statute under California law. (*Id.* at p. 688.) Second, the court analyzed the record involved in the out-of-state conviction to see if notwithstanding the language of the statutes, the underlying criminal conduct constituted robbery under the California statute. (*Id.* at pp. 688-691.)

4

Here, appellant argues, and respondent concedes, that differences exist between the Alabama statute and its California counterpart, and that the Alabama statute is broader than the California robbery statute, criminalizing conduct that may not violate the robbery statute in the California Penal Code.

First, under the Alabama statute a person commits third degree robbery if in the course of the theft, force or threats are used against the owner of the property or *any person present*. In contrast, under the California robbery statute a person commits robbery only if the property is taken from the possession of the victim. (See *People v. Nguyen* (2000) 24 Cal.4th 756, 758, 764 [recognizing that an essential element of the crime of robbery under California law is that property be taken from the victim's actual or constructive possession and holding that evidence that property was taken from the business robbed, without considering whether any defendant attempted to take property from the person of the visitor could not support a conviction for robbery of the visitor].) In analyzing robbery under California law in *Nguyen*, the Supreme Court also explained California's robbery theory by expressly differentiating it from Alabama's Third Degree Robbery statute. (*Id*. at p. 763, fn. 4.)

A second distinction between Alabama law and California law centers on the qualifying predicate act of theft. In Alabama, any form of theft may constitute a Third Degree Robbery. (Code of Ala., § 13A-8-43 (a).) There, decisional law holds that "'[t]he offense of theft . . . unifies several common law offenses, including larceny.'" (*Bailey v. State* (1985) 466 So.2d 176, 179.) Appellant contends, however, that California recognizes larceny is a necessary element of robbery. (See *People v. Williams* (2013) 57 Cal.4th 776, ___; 305 P.3d 1241, 1247-1249 [reaffirming that the "felonious taking" element of robbery requires theft by larceny].)

A final distinction between the Alabama robbery statute and its California counterpart relates to what qualifies as the "deprivation" of property under robbery statutes. Under California law, robbery requires that the offender have the specific intent to permanently deprive an owner of the use or enjoyment of the property. (*People v.*

5

*Albert A.* (1996) 47 Cal.App.4th 1004, 1007-1008.)  The California Supreme Court has interpreted this deprivation element to include the intent to deprive temporarily but for an unreasonable time so as to deprive the person of a major portion of its value or enjoyment.  (*People v. Avery* (2002) 27 Cal.4th 49, 58.)  In contrast Alabama's deprivation element is broader than California law, requiring only a showing that the deprivation of property be "for such a period or under such circumstances that all or a portion of its use or benefit would be lost."  (Ala. Code 1975 § 13A-801, subd. (a).)

In view of the foregoing, we conclude that insufficient evidence in the record supports the court's true finding as to the prior conviction enhancements based on his prior conviction in Alabama.   This matter must be remanded for a limited retrial on the allegation that appellant's prior conviction in Alabama for third degree robbery qualifies as a prior serious or violent felony conviction pursuant to the Three Strikes Law, Penal Code sections 667, subdivisions (b)-(i), and 1170.12, subdivisions (a) through (d) or serious felony conviction under Penal Code section 667, subdivision (a)(1).  On remand, the trial court must determine whether notwithstanding the differences between the California and Alabama robbery statutes, the conduct supporting appellant's prior conviction in Alabama would also violate the California robbery statute.

## II.      Remand Is Required to Recalculate Appellant's Conduct Credits

Appellant argues, and respondent concedes, that the trial court erred when it awarded appellant conduct credits pursuant to Penal Code section 2933.1 rather than Penal Code section 4019.

The court awarded appellant 165 days of presentence credit.  The Deputy District Attorney requested the court to apply 15 percent credit under Penal Code section 2933.1, reflecting the 21 days of good time/work time credit ordered.  Appellant contends the trial court erred when it limited his presentence custody credits under this rule.

Penal Code section 4019 states that "if all days are covered under [section 4019], a term of four days will be deemed to have been served for every two days spent in actual

6

custody." (Pen. Code, § 4019, subd. (f).)  Therefore, appellant's conduct credits must be recalculated and awarded pursuant to Penal Code section 4019.

### *DISPOSITION*

The judgment is affirmed.  Appellant's sentence is vacated and remanded for further proceedings consistent with the views expressed in this opinion.

**WOODS, J.**

**We concur:**

**PERLUSS, P. J.**

**ZELON, J.**

7