Filed 3/26/14  P. v. Velazquez CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>FRANCISCO LOPEZ VELAZQUEZ,<br><br>    Defendant and Appellant. | B247404<br><br>(Los Angeles County<br>Super. Ct. No. KA099119) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Bruce F. Mars, Judge.  Affirmed.

Emily Lowther, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, and Shawn McGahey Webb, Deputy Attorney General, for Plaintiff and Respondent.

\* \* \* \* \* \*

Using a pellet gun that resembled a pistol, defendant Francisco Lopez Velazquez took a bottle of brandy from a Food 4 Less store and was convicted of two counts of second degree robbery. In this appeal, he argues his conviction must be reversed because the trial court refused to give an instruction on the "claim of right" defense. We find no error and affirm.

## FACTS AND PROCEDURE

On August 21, 2012, Food 4 Less manager Ignacio Lomeli noticed defendant in the liquor department of the Food 4 Less store with a gun. Defendant moved the gun from his front waist to his back waist. Defendant selected a liquor bottle from the shelf and then put that bottle back and took another. Defendant concealed the second bottle in his waist. Defendant's shirt covered his waist. After observing this series of events, Lomeli asked Rafael Castellon, a customer service manager, for assistance with defendant.

Defendant walked past the cash registers and did not pay for the bottle hidden in his waistband. Lomeli and Castellon then confronted him. Lomeli told defendant to return the bottle, and defendant denied having the bottle and pretended to be confused by the question. Lomeli asked again, and defendant said "that's my bottle."

After being asked several times, defendant gave Castellon the bottle, which he removed from his waist. Lomeli asked defendant what was in the back of his pants and defendant pulled out a gun, which Lomeli thought was a pistol but was really a pellet gun. Defendant repeated three to five times "I'll fucking kill you. It's my fucking bottle." Castellon believed the gun was real and relinquished the bottle to defendant because defendant pointed the gun at him. Lomeli and Castellon were able to record defendant's license plate number, and defendant was apprehended shortly after leaving the Food 4 Less. A bottle of brandy and a pellet gun were found in defendant's car.

Neither Lomeli nor Castellon observed defendant enter the store.

Defendant was charged with and convicted of two counts of second degree robbery. Defendant was sentenced to concurrent three-year prison terms.

## DISCUSSION

The sole issue on appeal is whether the trial court should have instructed jurors with a "claim-of-right" instruction. Defense counsel requested the instruction, emphasizing that defendant said the bottle belonged to him. The trial court found no evidence defendant had a good faith belief he owned the bottle, and refused to give the instruction. Defendant demonstrates no error.

CALCRIM No. 1863 provides:

"If the defendant obtained property under a claim of right, (he/she) did not have the intent required for the crime of (theft/ [or] robbery).

"The defendant obtained property under a claim of right if (he/she) believed in good faith that (he/she) had a right to the specific property or a specific amount of money, and (he/she) *openly took it.*

"In deciding whether the defendant believed that (he/she) had a right to the property and whether (he/she) held that belief in good faith, consider all the facts known to (him/her) at the time (he/she) obtained the property, along with all the other evidence in the case. The defendant may hold a belief in good faith even if the belief is mistaken or unreasonable. But if the defendant was aware of facts that made that belief completely unreasonable, you may conclude that the belief was not held in good faith.

"*[The claim-of-right defense does not apply if the defendant attempted to conceal the taking at the time it occurred or after the taking was discovered.]*

"[The claim-of-right defense does not apply to offset or pay claims against the property owner of an undetermined or disputed amount.]

"[The claim-of-right defense does not apply if the claim arose from an activity commonly known to be illegal or known by the defendant to be illegal.]

"If you have a reasonable doubt about whether the defendant had the intent required for (theft/ [or] robbery), you must find (him/her) not guilty of _____*<insert specific theft crime>.*" (First and second italics added.)

"The claim-of-right defense provides that a defendant's good faith belief, even if mistakenly held, that he has a right or claim to property he takes from another negates the

3

felonious intent necessary for conviction of theft or robbery. At common law, a claim of right was recognized as a defense to larceny because it was deemed to negate the *animus furandi*, or intent to steal, of that offense. (See 4 Blackstone, Commentaries 230 . . . .)" (*People v. Tufunga* (1999) 21 Cal.4th 935, 938.) The intent to steal is inconsistent with a "good faith belief that the specific property taken is one's own." (*Id*. at p. 939.) "'[A] trial court is not required to instruct on a claim-of-right defense unless there is evidence to support an inference that [the defendant] acted with a subjective belief he or she had a lawful claim on the property.'" (*Id*. at p. 944.) Where evidence of a claim-of-right defense is minimal or insubstantial, the court is not required to instruct on it. (*People v. Barnett* (1998) 17 Cal.4th 1044, 1146-1147; see also *People v. Romo* (1990) 220 Cal.App.3d 514, 519-520 [claim-of-right defense not warranted where no evidence defendant "had a bona fide claim to" property].)

The claim-of-right defense does not apply if the defendant conceals the taking "when it occurs or after it is discovered." (*People v. Wooten* (1996) 44 Cal.App.4th 1834, 1849.) "The defense also does not apply where 'although defendant may have "believed" he acted lawfully, he was aware of contrary facts which rendered such a belief wholly unreasonable, and hence in bad faith.'" (*Ibid*.)

Here, the trial court properly refused to instruct jurors on the claim-of-right defense. Defendant concealed the bottle in his waist band, and such concealment negates the defense. Even absent the concealment, there was no evidence defendant had a "good faith" belief that the bottle belonged to him. In the context of this case defendant's unexplained assertions that "it's my fucking bottle," cannot be interpreted as a legal entitlement to the bottle. The *only* evidence showed defendant took the bottle from the shelf and placed it in the front of his waist. When confronted, defendant removed the bottle from the front of his waist, the same location where Lomeli saw him place it. Defendant did not testify and there was no evidence showing he previously purchased the bottle or entered the store with the bottle. The fact that Lomeli and Castellon did not see defendant enter the store is irrelevant because there was *no* evidence defendant entered the store with the bottle or that defendant had a bona fide claim to the bottle. The trial

court did not make any credibility determinations as the evidence showed *only* that defendant was at the liquor department of the store with what looked like a gun, took a liquor bottle from the shelf, concealed it on his person, and attempted to leave the store without paying for it. No evidence supported the theory that defendant believed he owned the bottle.

Any assumed error in failing to give the claim of right instruction was harmless. Under that instruction, jurors could find the claim of right defense applicable only if defendant openly took the bottle and did not conceal it. The undisputed evidence showed, however, that defendant took the bottle and immediately concealed it. Additionally, defendant told Lomeli that he did not have any bottle. Because the evidence supporting the conviction was overwhelming, it is not reasonably probable the result would have been more favorable to defendant had the trial court instructed jurors with the claim of right defense. (*People v. Watson* (1956) 46 Cal.2d 818, 836-837.)

## DISPOSITION

The judgment is affirmed.


FLIER, J.

WE CONCUR:



BIGELOW, P. J.



RUBIN, J.

5