[Crim. No. 4681. Second Dist., Div. Three. Nov. 14, 1951.]

THE PEOPLE, Respondent, v. ALFRED S. COSTELLO, Appellant.

Alfred S. Costello, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Frank Richards, Deputy Attorney General, for Respondent.

SHINN, P. J.—In a court trial defendant was convicted of two offenses of grand theft. It was alleged and found to be true that defendant had suffered a prior felony conviction of issuing a check without sufficient funds. A third count of the information charging issuance of a check without sufficient funds was dismissed on defendant's motion under section 995, Penal Code.

Trial by jury having been waived, the case of the People was submitted on the testimony and exhibits introduced at the preliminary examination. The court expressed doubt as to the present sanity of the defendant, suspended proceedings and appointed two medical experts to examine defendant and report their findings to the court. Subsequently, after considering the reports and defendant's medical record, the court found that defendant was presently sane, and trial was resumed. Defendant testified and introduced evidence consisting of numerous exhibits. Defendant made a motion for a new trial and filed an application for probation, both of which were denied. The present appeal is taken from the judgments of conviction.

Although defendant was represented by counsel at the trial, he prosecutes his appeal in propria persona. The offenses of which defendant was convicted consisted of: The receipt from one Byron H. Brown of $3,294.25 as the purchase price of an automobile; the car was delivered to Mr. Brown and when he asked whether anything more was due, defendant

represented that everything had been taken care of and that Brown would receive a pink registration slip from the Bureau of Motor Vehicles within 10 days or two weeks; after receiving Brown's check, defendant purchased the car from Leslie Lumley, Inc., issuing therefor his check for $3,221.52, which was dishonored by the bank; the seller demanded the car from Brown, who informed defendant of that fact; defendant agreed to make good the check but failed to do so; Brown reported the matter to the police and defendant sent him $1,500 which he paid over to Lumley; shortly thereafter, Brown paid Lumley the unpaid balance of $1,721.52; Brown has been reimbursed by defendant to the extent of $1,900 and no more. The other complaining witness, Lloyd G. Dennee, paid defendant $4,185 for an automobile which defendant represented would be delivered within 10 days; defendant placed an order for the automobile with Leslie Lumley, Inc., paying down $100; Mr. Dennee never received the automobile nor was he reimbursed by defendant in any amount. Defendant at the time was doing business as Consolidated Purchasing and Sales Company. Mr. Brown's check was drawn in this name and was so endorsed, and also endorsed by defendant. Immediately after the deposit of $3,194.25 in the account of Consolidated, the amount was withdrawn by defendant and appropriated to his own use. Defendant had one account in the Lynwood Branch of the Security First National Bank in the name of Consolidated Purchasing and Sales Company with a balance of $99.31, also a commercial account in his own name with a balance of $6.50, together with a savings account of $100. At none of the times in question did he have in his own account more than $634.73. We have read defendant's testimony and do not find therein any reasonable explanation of his failure to deliver to the complaining witness Dennee the automobile which he had purchased, or to furnish clear title to the car which was delivered to Mr. Brown. It appears from the testimony of Mr. Dennee, as well as that of defendant, that about a month and a half after making his purchase, Dennee demanded the return of his money and that defendant stated he was unable to return it. It also appears that defendant agreed to deliver Dennee a 62 Cadillac Convertible, that Dennee afterwards expressed a willingness to accept a sedan, and that defendant afterwards offered to transfer to Dennee a 61 Cadillac, but that the transfer was never made.

The first contention of defendant to be considered is that he was denied a speedy trial. The record shows that he

was held to answer, November 3, 1950; that the information was filed November 17, 1950; and that he was brought to trial January 3. 1951. The information was filed within 30 days after he was committed to answer and he was brought to trial within 60 days after the filing of the information. This procedure was in compliance with section 1382 of the Penal Code and therefore defendant was accorded a speedy trial to which he was entitled under the Constitution, article I, section 13.

■ The second point raised by defendant is that at the time of the preliminary examination he was not represented by an attorney and that he was not and had not been informed of his right to be represented by counsel. A transcript of the docket of the municipal court of the proceedings had therein has been filed as a supplement to the record on appeal. It is shown by the record that at the time defendant was arraigned he was represented by an attorney and the court informed defendant of the charges against him and of his right to the aid of counsel in every stage of the proceedings. At the time of the preliminary hearing the court stated to defendant that it was understood he did not have an attorney, which fact was affirmed by defendant. Nevertheless defendant announced his willingness to proceed. It therefore appears that defendant had been sufficiently advised of his right to the aid of counsel, had been so represented, and for some reason not disclosed was willing to proceed with the preliminary examination without the aid of counsel. There is no merit in the contention that he was not sufficiently advised as to his rights. (*People* v. *Stein,* 23 Cal.App. 108, 113 [137 P. 271].)

The following facts were established by the evidence. Brown parted with his money upon the strength of defendant's representation that he had a fleet deal with General Motors under which he was able to purchase a new car for less than the list price, and that Brown gave him the money to use in the purchase of a car. There was no representation or understanding that defendant had the car to sell; the money was entrusted to defendant with which to acquire the car. The same is true as to defendant's transaction with Mr. Dennee.

■ His money was entrusted to defendant to be used in purchasing a car which would be shipped from Detroit. Defendant's representations were false; he did not use or attempt to use the money in accomplishing the purpose for which it had been entrusted to him. It was a reasonable deduction

that the money was wilfully and fraudulently misappropriated. (*People* v. *Fewkes*, 214 Cal. 142 [4 P.2d 538].)

It was not a defense to the grand theft from Brown that he received an automobile, the purchase price of which he paid to Lumley, and that he was later reimbursed by defendant to the extent of $1,900. Neither was it a defense to the charge in the Dennee transaction that at some unstated time defendant offered to transfer to Dennee an automobile of a model different from that which Dennee had ordered and paid for. ■ The offenses were complete, and the offers of restoration, in whole or in part, were only matters which the court might consider in mitigation of punishment. (See *People* v. *Kay*, 34 Cal.App.2d 691, 696 [94 P.2d 361].)

■ We discern no merit in the contention that defendant was deprived of his right to be confronted by witnesses at the trial through the use by the People of the evidence taken at the preliminary examination. Defendant was represented by counsel at the trial and in stipulating to the use of the preliminary transcript he waived his right to be confronted by the witnesses against him. Although defendant had no attorney at the preliminary, he cross-examined the witnesses. As previously shown, he waived his right to be represented by counsel at the preliminary. ■ It was a right that could be waived and defendant cannot now retract the waiver. (*In re Connor*, 16 Cal.2d 701, 709 [108 P.2d 10] ; *People* v. *O'Neill*, 78 Cal.App.2d 888, 891 [179 P.2d 10] ; *People* v. *Jewett*, 84 Cal.App.2d 276 [190 P.2d 330].)

■ There is no merit in the contention that the court treated lightly some of the evidence in the case and disregarded it, nor in the contention that the district attorney was guilty of misconduct through inquiry as to the amount of money defendant had in bank to cover a check that he had written.

■ After sentence was imposed in the present case, the court revoked probation in a former case in which proceedings had been suspended and defendant sent to the Camarillo State Hospital. Defendant was sentenced under the former judgment, the sentence to run concurrently with that imposed on counts one and two of the present information. The point is urged that the court was without jurisdiction, since the former proceedings had been before another judge. There was no lack of jurisdiction. (*People* v. *Connolly*, 103 Cal.App. 2d 245 [229 P.2d 112].) Moreover, no appeal in the former case is before us, nor does it appear that one was taken.

We have examined the other points urged and find them to be withot merit. They do not require particular discussion. The judgments are affirmed.

Wood (Parker), J., and Vallée, J., concurred.

A petition for a rehearing was denied November 23, 1951.

A petition for a hearing by the Supreme Court was dismissed for want of jurisdiction, on January 3, 1952.