[Crim. No. 6123.   Second Dist., Div. Three.   Dec. 16, 1958.]

THE PEOPLE, Respondent, v. DAVID SCHUBIN et al., Defendants; BARBARA ROSE FRAZIER, Appellant.

Barbara Warner for Appellant.

Edmund G. Brown, Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

SHINN, P. J.—David Schubin and Barbara Rose Frazier were indicted for and in a jury trial convicted of three offenses of burglary, two offenses of receiving stolen property and of conspiracy to commit burglary and theft and to receive stolen property. They made motions for new trial, which were denied as to the substantive counts and granted as to the count alleging a conspiracy, which was dismissed by the court. Frazier appeals from the judgment and the order denying her a new trial on the charges of burglary and receiving stolen property. Schubin appealed from the judgment and the denial of his new trial motion but his appeal has heretofore been dismissed for failure to file a brief. (Rule 17a, Rules on Appeal.)

Appellant Frazier did not testify at the trial. It is not contended on the appeal that the evidence was insufficient to support the verdicts. The evidence and the reasonable inferences established that appellant and her confederate Schubin were engaged extensively in the business of selling stolen

merchandise at their home in West Los Angeles. A search of their apartment by the investigating officers disclosed $4,000 in cash and 1,100 items of merchandise which still bore the original price tags of various department stores and specialty shops in the Los Angeles area. Over 80 of the items were identified by store employes as having been missing from the stores and were received in evidence as exhibits. Eleven witnesses testified for the People that they bought from defendants at greatly reduced prices household appliances and articles of clothing. It is unnecessary to particularize the evidence of guilt.

The two convictions of receiving stolen property were based in part upon testimony that a beige knit dress belonging to the Bullock's Wilshire store was found in defendants' apartment and that a white lace dress belonging to the Saks Fifth Avenue store was shown by appellant to Miss Fletcher, an undercover policewoman. Upon convincing evidence appellant was also convicted of three offenses of burglary.

The first point for discussion is Frazier's contention that the court erred in permitting a Mrs. Mullinix to relate her observations of defendants' conduct in two May Company stores in 1953, 1954 and 1955. The witness was one of seven store detectives who testified on behalf of the People that they observed defendants acting suspiciously in various department stores in the Los Angeles area. In January 1953, Mrs. Mullinix saw defendants loitering in the dress department of the May Company Wilshire store; in April 1954, she followed appellant around through the May Company Crenshaw store. In January 1955, Mrs. Mullinix saw defendants walking away from a suit rack in the men's suits department of the May Company Crenshaw store; appellant had a lump under her coat. As defendants were leaving the store they turned, saw Mrs. Mullinix and started to run toward a parking lot; the witness retrieved a man's coat bearing a May Company price tag from some foliage where appellant had dropped it while in flight. The court did not err in the admission of this testimony. In view of the large scale operations of the defendants, evidence of the events of 1953 and 1954 tended to prove the methods defendants had pursued in the accumulation of a great quantity of merchandise and it was admissible for that reason; and if it did not so tend it was not prejudicial. Evidence of the 1955 incident disclosed the existence of defendants' system at that time.

■ It is next contended that the court committed misconduct in its remarks to witness Vrabel outside the presence of the jury. When called as a witness, Vrabel testified that he and his wife were at the apartment of Schubin and Frazier for dinner; he saw no dresses or coats except some in a clothes closet and in the living room; he saw no price tags on them; there was no discussion about selling clothes to him and his wife; he and Schubin talked about playing golf. Questioned as to his testimony before the grand jury he testified he could not remember all of it; he was shown his testimony before the grand jury but still denied there was any conversation about the prices of articles offered for sale. The court then examined the transcript, excused the jury and lectured the witness upon his obligation to tell the truth. The transcript is not before us. The court said in effect that if Vrabel had not told the truth before the grand jury he had incriminated innocent people and that if his testimony at the trial was untrue he would expose himself to prosecution for perjury. The court warned the witness to tell the truth or the matter would be referred for further proceedings. The jury thereupon returned to the courtroom and Vrabel resumed his testimony, in which he recanted the denials he had just made and testified to statements and actions of defendants which tended strongly to incriminate them.

Appellant argues that the court coerced the witness into giving testimony favorable to the People. It is not so. The subsequent testimony, as far as we can tell, was merely a repetition of his testimony before the grand jury. The court merely forestalled his lying further in a manner that would have subjected him to a prosecution for perjury.

■ The final point for discussion is that the prosecution's evidence established that appellant was lured by a police decoy into burglarizing the Broadway Westchester store on May 18, 1957, and that the court should have instructed the jury upon the defense of entrapment on its own motion. The argument is without merit.

There was evidence that appellant sold a beige cashmere coat stolen from the Broadway on May 18th to Miss Bales, a drug store employe, who was acting under the direction of the police. On May 14th, a Miss Kelly purchased a pink cashmere coat from appellant and Miss Bales asked Frazier if she would obtain for her a similar coat in a beige color. Frazier stole another coat and sold it to Miss Bales. The transaction was in the line of her regular business. She was

caught, but she was not entrapped. No other point urged deserves special consideration. The case was tried without error.

The judgment and order appealed from are affirmed.

Wood (Parker), J., and Vallée, J., concurred.

A petition for a rehearing was denied January 9, 1959, and appellant's petition for a hearing by the Supreme Court was denied February 11, 1959.