[Crim. No. 1197. Fourth Dist. Apr. 6, 1959.]

THE PEOPLE, Respondent, v. MARIE WILLIAMS,
Appellant.

Harry Weiss and Patrick Coleman for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Ernest E. Sanchez, Deputy Attorney General, for Respondent.

SHEPARD, J.—Defendant was convicted of grand theft and sentenced to prison. She appeals from the judgment of conviction and the order denying a motion for new trial. .

The trial was had before the court without a jury. The cause was by stipulation of the parties submitted to the trial court on the evidence taken at the preliminary examination, plus some additional evidence offered by the People. Defendant did not take the witness stand and no evidence was offered by the defense. A second count of the information charging burglary and a charged prior conviction were dismissed on motion of the district attorney.

The evidence shows that defendant went into Lowe's Men's Store in Ontario, California, on May 6, 1957; that a sales clerk therein while waiting on another customer saw defendant pushing the hangers holding men's suits back and forth on the rack; that he then saw her walk away, grabbed at the front of her skirt, "hitching it up"; that she walked slowly out of the lobby, again "hitching up" the front of her skirt; that he followed and watched her some distance along the street; that he then called the police and said: "A girl is standing in front of the First National Bank and I am sure she has merchandise from our store under her skirt. . . . She is a colored girl and she is standing in front of the bank at this minute"; that when the police officer arrived at the scene said sales clerk pointed out the defendant; that the officer spoke to her and she was then taken to the police headquarters; that at the police headquarters a secretary acting as matron, who had been informed by the arresting officer that defendant was suspected of shoplifting, talked to her and asked her to come to another room for the purpose of search; that there is no evidence that she objected to the prospective search other

than to say "she had nothing on her"; that before any search actually commenced the defendant started to cry and said she had something under her dress; that the matron then asked defendant to help in the search; that defendant then lifted her dress and revealed three complete men's suits (including pants and suit jackets on hangers) suspended from her pantie girdle; that these suits were later identified as the property of said Lowe's Men's Store; that said sales clerk had not given her permission to take them, nor had anyone else in the store done so within his knowledge; that said sales clerk had worked as a salesman and stock clerk for this store continuously for 16 or 17 years, knew the fair market value of the suits, that in his opinion their values at the time of taking was $214, and that the wholesale value was less than $200.

 Defendant on this appeal raises only three points. First, that the conviction is based on evidence secured by illegal search and seizure. We find no merit in this contention. The observation of the sales clerk, his statements to the police, his pointing out of the defendant, the defendant being taken to police headquarters, the girl finally saying she had something under her dress and voluntarily lifting up her dress, were uncontradicted. The testimony contains no direct description of how distorted the clothing appeared, but one would be naive indeed not to understand what she must have looked like with three men's suits (coats, pants and hangers in each case) suspended from the front of her girdle. The officers were not required to blind themselves to what was in plain sight (particularly the matron after the defendant voluntarily lifted up the front of her dress). (*People* v. *Carswell*, 51 Cal.2d 602, 607-608 [10] [335 P.2d 99] ; *People* v. *Roberts*, 47 Cal.2d 374, 379 [8] [303 P.2d 721].) Furthermore, the police are entitled to act upon information received from complaining witnesses in stopping and questioning a suspect, especially where the circumstances present the peculiar appearance which must necessarily have been here present. (*People* v. *Borbon*, 146 Cal.App.2d 315, 319 [1] [303 P.2d 560] ; *People* v. *Paul*, 147 Cal.App.2d 609, 616 [3] [305 P.2d 996].)

 Defendant's second contention is that the district attorney was guilty of prejudicial misconduct in asking an officer witness about portions of a conversation with defendant, in which she admitted prior offenses of the same character. We are here confronted at the outset with the stipulation for a hearing of the case on the evidence adduced at the prelimi-

nary examination. This stipulation was without reservation of any kind. The trial court was not warned in any way that objection would be made on this score, and none was made during the trial. The defendant cannot now, on appeal, for the first time retract the stipulation entered into in good faith and without reservation before the trial court. (*People* v. *Costello*, 107 Cal.App.2d 514, 518 [6] [237 P.2d 281].)

■ That evidence of prior offenses may under some circumstances be admissible to prove common plan or design is well settled. (*People* v. *Cavanaugh*, 44 Cal.2d 252, 265 [9] [282 P.2d 53] ; *People* v. *Cassandras*, 83 Cal.App.2d 272, 281 [6] [188 P.2d 546] ; *People* v. *Schubin*, 166 Cal.App.2d 267, 269 [1] [332 P.2d 737].) There is a possible inference in the evidence that the defendant might have used similar methods in stealing from other stores. The questions about the officer's conversation with the defendant were cut short, however, and the whole conversation was not revealed. Had the defendant objected in the trial court that court could have heard an offer of proof by the district attorney as to the whole conversation, and thereupon determined whether or not the officer should or should not have been called and allowed to recount the whole conversation. Because of the character of the stipulation we find it unnecessary to rule on the admissibility of that portion of the conversation related at the preliminary examination.

■ The last contention of the defendant is that the evidence was insufficient to establish the value of the property stolen as being in excess of $200. The sales clerk had worked continuously at the sale of men's suits for more than 16 years in the locality in which the theft occurred. He testified that he was familiar with the fair market value and that the value was $214. The evidence of the clerk's experience was ample to support the trial court's exercise of discretion in allowing him to testify as an expert. (*Frank* v. *Repp & Mott*, 70 Cal.App. 2d 407, 414 [161 P.2d 279] ; *People* v. *Horowitz*, 70 Cal.App. 2d 675, 689 [151 P.2d 833].) His testimony, as such expert, is ample to show that the value was in fact more than $200. (*People* v. *Lizarraga*, 122 Cal.App.2d 436, 437 [1] [264 P.2d 953] ; *People* v. *Latham*, 43 Cal.App.2d 35, 39 [6] [110 P.2d 101].) It is well established that the market value is not dependent alone on wholesale or cost price. (47 Cal.Jur.2d (Theft) 457 ; 14 Cal.Jur.2d 788 ; 32 Am.Jur. 888.) The evidence adduced was amply sufficient to support the finding of the court that the value was in excess of $200.

On a review of the whole cause, we find that the entire evidence was overwhelmingly sufficient and was totally uncontradicted.

The judgment and the order denying a new trial are affirmed.

Griffin, P. J., and Mussell, J., concurred.