**Lawrence SAUNDERS, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 7252.**

District of Columbia Court of Appeals.

Argued Jan. 17, 1974.

Decided April 1, 1974.

W. Alton Lewis, Washington, D. C., appointed by this court, for appellant.

Charles E. Wagner, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry and Richard S. Shine, Asst. U. S. Attys., were on the brief, for appellee.

Before KELLY, FICKLING and PAIR, Associate Judges.

PAIR, Associate Judge:

Charged in a one-count indictment with grand larceny [1] appellant was, after a jury trial, found guilty. The sole issue on this appeal is whether there was sufficient evidence from which the jury could have found that the value of the articles which were the subject of the larceny was $100 or more.

■ We are unable to determine from the record brought here whether the sufficiency of the evidence as to value of the articles involved was challenged by a motion for a judgment of acquittal at the close of the government's case. *Cf.* Crawford v. United States, 126 U.S.App.D.C.

---

1. D.C.Code 1973, § 22–2201.

156, 325 F.2d 332 (1967). However, the uncontroverted testimony of a buyer for Woodward & Lothrop was that the articles stolen and recovered had a retail value of $248 and a wholesale value of $124. Appellant contends that the government was required to qualify the witness as an expert before he could express an opinion as to value. The market value of a chattel, of course, may be established by the testimony of its non-expert owner. *See generally* cases in Annot., Opinion Evidence—Value, 37 A.L.R.2d 967 *et seq.* (1954).

In this jurisdiction testimony of a management employee as to the value of a chattel is generally acceptable (Owens v. United States, 115 U.S.App.D.C. 233, 318 F.2d 204 (1963)); and the relevant market value is usually the retail value (Gaither v. United States, 134 U.S.App.D.C. 154, 168, 413 F.2d 1061, 1075 (1969)). *Accord*, People v. Williams, 169 Cal.App.2d 400, 337 P. 2d 134 (1959); Jewell v. State, 216 Md. 110, 139 A.2d 707 (1958); State v. Gyuro, 156 Conn. 391, 242 A.2d 734, cert. denied, 393 U.S. 937, 89 S.Ct. 301, 21 L.Ed.2d 274 (1968); Maisel v. People, 166 Colo. 161, 442 P.2d 399 (1968). *See also* People v. Irrizari, 5 N.Y.2d 142, 182 N.Y.S.2d 361, 156 N.E.2d 69 (1959), and cases cited therein.

But assuming, *arguendo,* that the wholesale, rather than the retail, value of the articles is controlling, the testimony clearly establishes that the value of the articles here involved was well in excess of $100. Thus, there appears to have been ample testimonial—as well as demonstrative—evidence from which the jury could have found, as it did, that the value of the articles was in excess of $100.

Viewing the evidence in the light most favorable to appellee, as we are required to do, and giving the trier of the facts the benefit of all justifiable inferences legitimately drawn from the evidence (Smith v. United States, D.C.App., 295 A. 2d 64, 67 (1972); Kenhan v. United States, D.C.App., 263 A.2d 253, 254 (1970)), we cannot say that the evidence as to the value of the stolen articles was insufficient to support the jury's determination of appellant's guilt of grand larceny. It follows that the judgment appealed from is

Affirmed.