Haven PHILLIPS, Appellant,

v.

UNITED STATES, Appellee.

No. 98–CF–879.

District of Columbia Court of Appeals.

Submitted Oct. 3, 2000.

Decided Aug. 2, 2001.

Ian A. Williams, Washington, DC, appointed by the court, was on the brief for appellant.

Wilma A. Lewis, United States Attorney at the time the brief was filed, and John R. Fisher, Mary–Patrice Brown, Amy Jeffers and Patricia Sulzbach, Assistant United States Attorneys, were on the brief for appellee.

Before SCHWELB, Associate Judge, and GALLAGHER and MACK, Senior Judges.

MACK, Senior Judge:

After a trial by jury, appellant Phillips was convicted on five counts related to the theft and destruction of an automobile. Count I charged appellant with destruction of property valued at or greater than

$200,[1] Count II charged appellant with receipt of stolen property valued at or greater than $250,[2] Count III charged appellant with first-degree theft of property valued at or greater than $250,[3] Count IV charged appellant with unauthorized use of a vehicle;[4] and Count V charged appellant with assault of a police officer.[5] On appeal, appellant argues that the evidence was insufficient to show that he had stolen the car or that he had damaged the car. He likewise contends that the government failed to establish the value of the car. Finally, he argues that he cannot be convicted of both theft and receipt of stolen property. We affirm the convictions on Counts I, III, IV, and V, but upon concession of the government we reverse the conviction on Count II.

## I.

The evidence presented at trial showed that on the evening of March 2, 1997, Metropolitan Police Department (MPD) Officer Anthony Washington observed a 1988 Buick drive through several stop signs and run a red light. Officer Washington turned on his lights and siren, but the Buick proceeded to travel fifteen to twenty miles per hour above the speed limit before turning into the rear alleyway of Farragut Street, Northwest, where it collided with a tow truck.

As soon as the Buick stopped, the occupant (Phillips) exited the car and began fleeing on foot. Officer Washington exited his cruiser, identified himself as a police officer, and ordered Phillips to stop. Without heeding Officer Washington's order, appellant ran headlong into the tow truck's side mirror, slowing him enough that Washington could catch him. A scuffle ensued and the tow truck driver assisted in subduing Phillips.

Trial testimony showed that the Buick sustained damage from the collision in addition to damage consistent with the owner's report that it had been stolen—issued the day before the incident described here—including "popped out" door and trunk locks, and damage to the steering column. The owner testified that the insurance company later "totaled" the car, paying him $2800 in compensation.

## II.

When reviewing claims of insufficient evidence, we view the evidence in the light most favorable to the government, affording the trier of fact great deference in weighing the evidence, assessing witness credibility, and drawing reasonable inferences. *Dickerson v. United States,* 650 A.2d 680, 683 (D.C.1994). An appellant "must establish that the government presented 'no evidence' upon which a reasonable mind could find guilt beyond a reasonable doubt." *Mihas v. United States,* 618 A.2d 197, 200 (D.C.1992) (citation omitted).

The unexplained possession of recently stolen property may provide the basis for a reasonable inference that the possessor actually stole the property. *Byrd v. United States,* 598 A.2d 386, 393 (D.C.1991) (en banc) (citing *United States v. Johnson,* 140 U.S.App.D.C. 54, 60, 433 F.2d 1160, 1166 (1970)); *Hawthorne v. United States,* 476 A.2d 164, 168 (D.C. 1984). Officer Washington's testimony indicates that he witnessed Phillips exit the driver's door of the Buick immediately af-

1. D.C.Code § 22–403 (1996).

2. D.C.Code §§ 22–3832(a), (c)(1) (1996).

3. D.C.Code §§ 22–3811, –3812(a) (1996).

4. D.C.Code § 22–3815 (1996).

5. D.C.Code § 22–505(a) (1996).

ter chasing and following the vehicle into the alley. This testimony creates a direct inference that Phillips was in sole possession of the Buick. Furthermore, the Buick had been reported stolen only the day before. Viewing this evidence in the light most favorable to the government, the jury could reasonably conclude that Phillips stole the vehicle.[6]

Likewise, Phillips's possession of the recently-stolen Buick, combined with the owner's testimony that the damage had not been present immediately prior to its theft was sufficient to support the jury's reasonable inference that Phillips had caused the damage.

Further, we reject appellant's argument that the government failed to prove that the Buick's value exceeded the thresholds for his theft and destruction of property convictions. In theft cases, we have recognized that "[t]here are different methods of proving value, and no one method is preferred over others." *Zellers v. United States*, 682 A.2d 1118, 1120 (D.C. 1996) (footnote omitted). In fact, "[t]he market value of a chattel … may be established by the testimony of its non-expert owner." *Saunders v. United States*, 317 A.2d 867, 868 (D.C.1974). The government is still required, however, to introduce evidence " 'sufficient to eliminate the possibility' that the jury's verdict was 'based on surmise or conjecture' about the value of the property." *Zellers, supra*, 682 A.2d at 1121 (quoting *Boone v. United States*, 296 A.2d 449, 450 (D.C.1972)).

Value is thoroughly discussed in another car theft case, *Terrell v. United States*, 721 A.2d 957 (D.C.1998). In *Ter-*

*rell*, a $1700 repair bill and the fact that the vehicle was in operable condition were two of several factors used to establish that the vehicle exceeded $250 in value. *Id.* at 959. In the case before us, the stolen Buick's rightful owner testified that the car was operable when stolen and that his insurance company reimbursed him $2800 for the loss of the car. This is sufficient evidence for a reasonable jury to find that the Buick's value exceeded the $200 and $250 thresholds of the destruction of property and theft convictions, respectively.

### III.

The government concedes that Phillips should not have been convicted of both theft and receipt of stolen property. This court has commented that these two offenses "have generally been considered alternates, precluding conviction for both, just as is the case with lesser-included offenses." *Byrd, supra*, 598 A.2d at 392. Accordingly, it is ordered that appellant's conviction on Count II, receipt of stolen property, be, and hereby is, reversed, and that this case is to be remanded to the trial court for amendment of the judgment and commitment order consistent with our decision herein.

*So ordered.*

---

6. We reject Phillips's argument that his conviction of auto theft is somehow flawed because "District of Columbia juries are extremely hostile to offenses involving stolen and damaged vehicles." He has provided no basis for this assertion, and we presume, absent evidence to the contrary, that jurors will follow the trial court's instructions. *Harris v. United States*, 602 A.2d 154, 165 (D.C.1992) (en banc).